†STATE OF OHIO EX REL. v. COMMISSIONERS (WYANDOT CO.)

1. ACT SUPPLEMENTING SEC. 917, REV. STAT., PROVIDING FOR PUBLICATION IN PRINTED FOLDERS REPEALED BY THE LAW OF 1896.

The supplement to sec. 917, Rev. Stat., 91 O. L., 376, providing that, in counties having a population of not less than 21,720 and not more than 21,730, the report of the county commissioners shall be printed on folding circulars, is no longer in force, having been repealed by implication by the act of May 17, 1896, 92 O. L., 188, which is now the whole law regulating the publication of the commissioners' report.

2. SAID SUPPLEMENTAL SECTION WAS IN CONFLICT WITH SEC. 26, ART. 2 OF THE CONSTITUTION.

The court is also of the opinion that the supplemental section above referred to was in conflict with sec. 26, art. 2 of the constitution, which requires that all laws of a general nature shall have uniform operation throughout the state.

PRICE, J.

The relator in this case says he is a citizen and taxpayer of Wyandot county, and is the owner and publisher of the only Republican newspaper published and of general circulation in said county.

It is also stated in his petition that under the provisions of sec. 917, Rev. Stat., as amended April 17, 1896, it was and is the duty of the county commissioners to make a detailed report of their financial transactions for the year, before the third Monday of September, and that they are required to cause such report, together with the report of the committee of examination of same, to be published in two weekly newspapers of opposite politics, published and of general circulation in said county.

The commissioners made a report according to law, but failed and refused to have the same published in the paper of the two political parties, or in either of them. The relator says he requested the publication in his paper, which was refused, and that there has been no publication, except in the form of folding circulars, which is provided for by an act passed May 21, 1894, entitled, "An act to supplement sec. 917, Rev. Stat., 91, O. L., 376.

It appears that this supplement applies alone to counties having a certain population, and by the census on which it is based, can only apply to Wyandot county; and if this supplement is valid and in full force, it is conceded that the commissioners are not required to publish their report in any of the newspapers, or in any other manner than in folding circulars.

But, it is alleged that this supplement to sec. 917 is void and in contravention of sec. 26, of article 2, of our state constitution, which requires that all laws of a general nature shall have a uniform operation throughout the state. It is further claimed that if it ever was a valid enactment it was repealed by the act passed April 17, 1896, amending sec. 917. The relator prays for a writ of mandamus to compel defendants to publish their report.

---

†This case was affirmed by the Supreme Court without report, Nov. 30, 1897. See 57 O. S., 661.

State of Ohio ex rel. v. Commissioners.

The commissioners entered their appearance to the petition, and they demur generally, and claim that the facts stated do not entitle defendant to the writ. The questions thus raised and argued are two:

First. Was the supplement to sec. 917, passed May 21, 1894, repealed by the act of April 17, 1896, amending sec. 917 ?

Second. If not repealed, is the supplement providing for publication by folding circulars, in the one county, constitutional and valid ?

Of these in their order.

We have nothing to do with the expediency or policy of the two different modes of publication provided for by the two sections—whether one is wiser or more or less economical than the other; or whether in fact there is any beneficial use for either. Men might differ even on so simple a question as that. The questions are important legal inquiries to which we must address ourselves.

After something of a shifting policy for several years, as to the manner of making the report of county commissioners—its examination and publication, the statute finally reached a form that procured for itself a rest for several years from changes and innovations. It was thought to be nearly fair, and responsive to public interests and necessities. But this notion was not at last universal, and on the range of ten of a difference in the population, the county so distinguished from its sisters of the state was to be provided with a different channel of information for its taxpayers, as to what the commissioners had done with the finances of the county.

Aside from this, there ought to be no question among lawyers, that the entire chapter of the statutes which regulate the duties of county commissioners—including sec. 917—is a law of a general nature and of uniform operation throughout the state.

For this reason, it is important to determine the true character and office of the supplement to sec. 917, passed May 21, 1894.

Its title reads as follows:

"An Act to supplement section 917, of the Revised Statutes of Ohio."

Then it proceeds:

"Section 1. Be it enacted by the general assembly of the state of Ohio, that section 917, of Revised Statutes of Ohio, be and the same is hereby supplemented as follows:

" Section 917a. That in counties which by the federal census of 1890, had a population of not less than 21,720 and not more than 21,730, the detailed annual report of the county commissioners, shall be printed on folding circulars by the lowest responsible bidder therefor, and said printed report shall be delivered to the treasurer of said counties, who shall deliver to each of the taxpayers of said counties, one copy of said report each year when said taxpayers make their annual or semi-annual payment of taxes." * * *

Here we see that original sec. 917 is supplemented with the new provision for folding circulars for the county favored with a certain population.

What relation does a supplement sustain to the principal section ? Webster gives the following definitions of a supplement:

"That which supplies a deficiency;" "that which fills up, completes or makes an addition to something already organized, arranged or set apart;" "a part added to, or a continuation of," etc. It is used sometimes as a synonym of appendix."

When we bear these definitions in mind and take up the language of the supplement in question, we find that its very life and operation depend on the provisions and operation of the section to which it is added.

Without the principal section, there is no law requiring the commissioners to make any report of their financial transactions ; no law for its examination by any one appointed by the court, or the making of a report of such examination.

All the machinery and the material out of which and by which, the financial report is made up, are provided alone in the principal section. The supplement simply provides for furnishing folding circulars of the report to the taxpayers of the county.

Hence, without the principal section, the supplement would be of no force or effect. Its purposes could not be accomplished. Its life and operation are both derived from the main section, and if that falls, the supplement falls with it.

To further illustrate our meaning, let us suppose that the legislature, on April 17, 1896, instead of amending sec. 917 (as it did), had simply passed an act repealing sec. 917. What then would become of the supplement of May 21, 1894? On what did it rest for support and operation? It would have no subject-matter upon which to take hold, for. we have seen that it does not require.the commissioners to make any report. There would be no commissioners' report to publish in any form.

The supplement would die with the principal section, as wholly useless and inoperative.

Then, what effect on this supplement had the new sec. 917, as passed April, 1896? See 92 O. L., 188.

This act is entitled " An act to amend sec. 917 of the Revised Statutes of Ohio."

There is no express repeal of original sec. 917, and nothing whatever said about the supplement thereto added May 21, 1894. But the authorities are abundant that where the new section or statute covers the whole subject of the former, and revises it and was intended as a substitute for the former, no express words of repeal are required, but the repeal will be implied. One becomes a substitute for the other. There are numerous decisions in Ohio to this effect. One, among many, is found in the case of Lorain Plank Road Co. v. Cotton, 12 O. S., 272.

The following is the leading proposition of that case :

" A subsequent statute revising the whole subject-matter of the former act, and evidently intended as a substitute for it, although it contains no express words to that effect, operates to repeal the former."

The whole case cited is very instructive on the subject before us, and fully sustains our position in the case at bar.

Now let us look for a moment at the new act of April 17, 1896, to see if it does cover the whole subject-matter of original sec. 917. We have already given the title of the new act.

We quote enough of it to show its character and scope, to-wit :

" Section 917. The county commissioners, annually, on or before the third Monday in September, shall make a detailed report in writing to the court of common pleas of the county, of their financial transactions during the next year preceding the time of making such report." * * *

The section then provides a fine on each commissioner for every day such report is unlawfully delayed ; provides for the appointment of a

committee of examination of the report; defines its powers and duties, and in short, embraces all of the original section and adds as new feature, the five dollars per day fine, already stated, and the duty to publish in a German newspaper if it have at least six hundred subscribers in the county, but it must be published in two weekly papers of opposite politics.

By comparison of the new with old sec. 917, we see they are exactly alike except the two features referred to and the supplement in question. Evidently the new section is a substitute for the old, and repeals it by implication.

What legislative intent do we gather from this new act?

Did the legislature intend to revise and add to the original section these new features, regarded as proper to complete the law on the subject, and still allow the supplement of 1894 to survive? Or, was not the new section intended as a substitute for all past legislation on the subject?

We have seen that the new section, by implication, repeals former sec. 917. An implied repeal is as broad and thorough as if made in express words. As before observed, if the act of April 17, 1896, merely repealed original sec. 917, without enacting anything in its place, the supplement would have gone down also. And by reasons fully as sound, the repeal, by implication, wrought by the act of April 17, 1896, extends to the supplement as well as to the principal section to which it is an appendix.

We hold, therefore, that the supplement to sec. 917, passed May 21, 1894, is no longer in force, but was repealed by the act of April 17, 1896, which is now the whole law regulating the publication of the commissioners' report.

This being our conclusion it does not become necessary to pass on the second question—the constitutionality of the supplement. But we are of the opinion that the supplemental section referred to is in conflict with sec. 26, art. 2, of the Constitution of Ohio, which requires that "all laws of a general nature shall have uniform operation throughout the state.

The demurrer to the petition is overruled, and a writ of mandamus awarded as prayed for.

*T. E. Grissel* and *D. D. Hare*, for relator.

*Ezra Carter*, for respondent.