COX, APPELLEE, *v.*
OHIO DEPARTMENT OF TRANSPORTATION, APPELLANT.
STEELE, EXECUTOR, APPELLEE, *v.*
OHIO DEPARTMENT OF TRANSPORTATION, APPELLANT.
COLBERT ET AL., APPELLEES, *v.*
OHIO DEPARTMENT OF TRANSPORTATION, APPELLANT.

[Cite as Cox v. Dept. of Transportation (1981),
67 Ohio St. 2d 501.]

(Nos. 80-1328, 80-1458 and 80-1491 —
Decided August 12, 1981.)

502

504

*Michael F. Colley Co., L.P.A.,* and *Mr. Michael F. Colley, Mr. Paul L. Beach* and *Mr. Frank Ray,* for appellees Cox and Steele.

*Messrs. Wolske & Blue* and *Mr. Richard C. Blower,* for appellees Colbert et al.

*Mr. William J. Brown,* attorney general, *Mr. Steven L. Gardner* and *Mr. Thomas E. Turk,* for appellant.

*Per Curiam.* The Court of Appeals based its reversal of the Court of Claims in each of the cases *sub judice* on different grounds. We shall review the various pronouncements of the lower court to determine whether any of the rationales propounded below construing R. C. 2743.16 is correct.

### Case No. 80-1328

The preliminary question in No. 80-1328, the *Cox* case, concerns whether the 180-day filing requirement imposed by former R. C. 2743.16(A) was a true statute of limitations. Appellee argues that the applicable statute of limitations under the former R. C. 2743.16 was actually two years by virtue of R. C. 2743.16(D). R. C. 2743.16(D) permitted the Court of Claims, at its discretion, to waive the 180-day requirement if a claimant demonstrated (1) that the state had notice of the claim within 180 days of its accrual, and (2) that he had good cause for the tardy filing.

The inclusion of this notice and good cause exception to the 180-day rule led the Court of Appeals to conclude that "paragraph (D) of R. C. 2743.16 presents a situation that is different than the normal statute of limitations***; in other words because of paragraph (D), the cause of action was not completely barred***." According to this view, the 180-day requirement was not a statute of limitations at all but, instead, amounted to little more than a procedural desideratum expressing a legislative preference for filing within 180 days but posing no absolute bar to actions filed subsequent to the running of the 180-day period.

We reject this interpretation of the effect of the 180-day

filing deadline established in former R. C. 2743.16. R. C. 2743.16(A) did impose a conventional statute of limitations on certain categories of claims subject only to the notice within 180 days and good cause exceptions under R. C. 2743.16(D). Absent a showing of notice and good cause before the Court of Claims, a plaintiff filing a claim after the 180-day period expired would be barred because the cause of action was extinguished by the running of the applicable statute of limitations.

In the instant case it is uncontroverted that the claim was filed well after the 180-day period had ended. Moreover, there is nothing in the record to indicate that the appellee could have invoked the notice and good cause provisions of R. C. 2743.16(D), which would have raised the possibility of having the case heard notwithstanding the late filing. Under these circumstances, therefore, it was error for the Court of Appeals to have reversed the order of the Court of Claims dismissing the case. The cause of action was barred because appellee had failed to file timely or avail herself of the specific statutory saving provisions then in effect.

Appellee may not invoke the amended version of R. C. 2743.16 to breathe new life into her cause of action because her claim has already been extinguished by operation of the former statute of limitations. Thus, on February 7, 1979, the effective date of amended R. C. 2743.16, the appellee no longer had a viable cause of action. Appellant's first proposition of law, which appellee did not contest, states the applicable rule:

"Where the time for commencing an action has expired due to the running of the statute of limitations, an amendment lengthening the statute of limitations, which is effective after the period of limitations has run, does not revive the cause of action * * *."

See *Peters* v. *McWilliams* (1880), 36 Ohio St. 155; *Baker* v. *Farish* (1964), 1 Ohio Misc. 1; see, also, 34 Ohio Jurisprudence 2d 492, Section B.

The Court of Appeals acknowledged that a "barred * * * cause of action is not revived by a subsequent statute extending the time for bringing such actions." The court erred, however, in categorizing R. C. 2743.16(A) as something

other than a statute of limitations so as to avoid the aforestated rule regarding previously barred claims.

What the Court of Appeals managed to do, in essence, was to give retroactive effect to the amended version of R. C. 2743.16. Such retrospective application of the amended statute contravenes the general provisions set forth in R. C. 1.48 and 1.58, as well as the specific legislative mandate expressed in Am. Sub. H. B. No. 149.

R. C. 1.48 provides as follows:

"A statute is presumed to be prospective in its operation unless expressly made retrospective."

R. C. 1.58 provides in pertinent part:

"(A) The reenactment, amendment, or repeal of a statute does not, except as provided in division (B) of this section:

"(1) Affect the prior operation of the statute or any prior action taken thereunder;

"(2) Affect any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or in curred thereunder; * * *"

Am. Sub. H. B. No. 149, which became effective on February 7, 1978, provided, in Section 3, that:

"The effective date of Section 2743.16 of the Revised Code, as amended by this act, including its effect upon division (D) of subsection 2743.09 of the Revised Code is one year after the effective date of this act."

In light of these clear legislative pronouncements, the Court of Appeals exceeded its authority when it indirectly applied the amended statute retroactively thereby reinstating appellee's extinguished cause of action.

Appellant's second proposition of law raises a constitutional question. However, "pursuant to the established practice of this court, we do not reach, nor do we decide, the constitutional issues arguably presented herein, as resolution of those issues upon the record before us, and in the specific factual context of this cause, is not essential to the disposition we reach." *McClung* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 149, 154. See, also, *Kent* v. *Kelley* (1975), 44 Ohio St. 2d 43; *Bedford Hts.* v. *Tallarico* (1971), 25 Ohio St. 2d 211; *State* v. *Western Union Telegraph Co.* (1951), 154 Ohio St. 511; *State, ex rel. Lieux,* v. *Westlake* (1951), 154 Ohio St. 412.

Case No. 80-1458

In No. 80-1458, the *Steele* case, the Court of Appeals utilized a different analytical approach to reach the same result as it had in *Cox*. The court in *Steele* adopted the "hiatus theory" first posited by Judge Whiteside in his *Cox* concurrence. According to the Court of Appeals, "the new act [Am. Sub. H. B. No. 149] by its express terms repealed Section 2 of the old R. C. 2743.16, effective February 7, 1978. The new act did not take effect until one year later. Therefore in the interim the general two year statute of limitations [R. C. 2305.10] applies to this case, inasmuch as the accident involved in this case took place during that interim period."

The appellant in this case and the *amicus curiae,* Ohio Legislative Service Commission, in a brief submitted in case No. 80-1328, strenuously argue that the Court of Appeals ignored settled principles of statutory construction when it determined that a hiatus of one year existed between the repeal of former R. C. 2743.16 and the effective date of the amended version of R. C. 2743.16. Appellant's position is that the repeal of the former R. C. 2743.16 did not become operative until the amended R. C. 2743.16 became effective on February 7, 1979. Consequently according to appellant, there never existed any interim, hiatus, gap or discontinuity in the operation of R. C. 2743.16 and therefore, it was error for the Court of Appeals to have applied R. C. 2305.10, the general two-year limitations provision, to this cause.

Venerable Ohio authority supports appellant's view of R. C. 2743.16. In *McArthur* v. *Franklin* (1865), 16 Ohio St. 193 at page 204, this court stated the following rule:

" 'Where the provisions of a revising statute are to take effect at a future period, and the statute contains a clause repealing the former statute upon the same subject, the repealing clause does not take effect until the other provisions of the repealing act come into operation.' "

See, also, *Trustees of Canaan Twp.* v. *Bd. of Infirmary Directors* (1889), 46 Ohio St. 694.

Modern commentators have endorsed the proposition that a repealer and the amendatory enactment take effect simultaneously unless the legislature expresses a contrary intention. "The power to enact laws includes the power to fix a future

day on which the act will take effect. A statute with a definite future day fixed for its commencement has effect only from that time. A repealing clause of a statute which is to take effect in the future will not be effective until the statute itself is in operation." (Footnotes omitted.) 2 Sutherland, Statutory Construction (4 Ed.), 11, Section 33.07.

We find the applicable rule well-stated by the *amicus*, Legislative Service Commission:

"Where an act of the General Assembly amends an existing section of the Revised Code (R. C. 2743.16), postpones the effective date of the amended section for one year after the effective date of the act, and repeals the 'existing' section in a standard form of repealing clause used for many years by the General Assembly for the purpose of complying with Section 15(D) of Article II of the Constitution of Ohio,[3] the constitutionally mandated repealing clause must be construed to take effect upon the effective date of the amended section in order to prevent a hiatus in statutory law, during which neither the repealed section nor the amended section is in effect.* * *"

To hold otherwise would render the legislative directive expressed in Section 3 of Am. Sub. H. B. No. 149, which delayed the effective date of the two-year statute of limitations until February 7, 1979, a nullity. If the General Assembly had intended for the limitations period under R. C. Chapter 2743 to be two years as of February 7, 1978, then Am. Sub. H. B. No. 149 would have so provided. Moreover, there is no hint that the General Assembly intended for the general statute of limitations provision contained in R. C. 2305.10 to apply to cases brought under R. C. Chapter 2743.

The court below followed a somewhat tortured analytical path, starting from the discovery of the perceived one-year gap in R. C. 2743.16 and then meandering into R. C. 2305.10, to reach the conclusion that the General Assembly did not mean what it had unambiguously provided for in the amending legislation. This was error. The statute of limitations applicable to this cause is the former version of R. C. 2743.16.

---

[3] Section 15(D), Article II of the Ohio Constitution states in pertinent part:

"* * * No law shall be revived or amended unless the new act contains the entire act revived, or the section or sections amended, and the section or sections amended shall be repealed."

Appellee was required either to comply with the 180-day requirement set forth in R. C. 2743.16(A) or be able to demonstrate timely notice and good cause pursuant to R. C. 2743.16(D). Inasmuch as appellee did not provide notice within 180 days and did not allege good cause in the Court of Claims, her claim was barred when the 180-day period mandated by R. C. 2743.16(A) expired.

## Case No. 80-1491

The Court of Appeals in No. 80-1491, the *Colbert* case, did not follow the "hiatus theory" it had enunciated in *Steele*. Instead, the court purportedly relied on *Cox* for the proposition that "in ultimate effect***by reason of the amendment of R. C. 2743.16, effective February 7, 1978, it is no longer necessary to file***[a complaint or] a notice of intention to file a civil action in order to qualify for the benefits of the two-year limitation."

As we read it, however, *Cox* held that the appellee's claim was not barred because the former R. C. 2743.16 was "different than the normal statute of limitations***because of paragraph (D)" and that therefore the applicable limitations period under the prior section was at all times two years. In our view *Cox* did not hold "in ultimate effect" or otherwise that the effective date of amended R. C. 2743.16 was February 7, 1978. Even if *Cox* had so held, such a holding would have been clearly erroneous as plainly contrary to the legislative intention expressed in Am. Sub. H. B. No. 149. To the extent that the *Colbert* court held that the effective date of amended R. C. 2743.16 was February 7, 1978, the court's ruling cannot stand.

This case also raises another statute of limitations question apart from the effective date of amended R. C. 2743.16. Appellees filed their complaint in the Court of Claims on Monday, February 11, 1980, two years and two days after the cause of action accrued. Appellees argue that "[w]hen the last day for filing an action to prevent the statute of limitations from expiring falls on a Saturday, and the courthouse is closed on Saturdays, the action is timely filed if it is filed on the next succeeding day which is not a Saturday, Sunday or holiday." This position is consistent with Civ. R. 6(A), which states in relevant part:

"* * *When a public office in which an act, required by law, rule, or order of court, is to be performed is closed to the public for the entire day which constitutes the last day for doing such an act, or before its usual closing time on such day, then such act may be performed on the next succeeding day which is not a Saturday, a Sunday, or a legal holiday."

The Civil Rules apply to proceedings in the Court of Claims, pursuant to R. C. 2743.03(D), "except insofar as inconsistent with this chapter [R. C. Chapter 2743]."

"Pursuant to the provisions of R. C. Chapter 2743, the state has consented to be sued and have its liability determined in the Court of Claims, in accordance with the same rules of law applicable to suits between private parties." *Drain* v. *Kosydar* (1978), 54 Ohio St. 2d 49, syllabus. See, also, *State, ex rel. Moritz,* v. *Troop* (1975), 44 Ohio St. 2d 90. We find no inconsistency between Civ. R. 6(A) and R. C. Chapter 2743. Cf. R. C. 1.11. Therefore, the Court of Appeals correctly held that, pursuant to Civ. R. 6(A), the filing deadline was extended to the next business day. However, appellees were entitled to file on Monday, February 11, 1980, if and only if they could otherwise meet the requirements established by R. C. 2743.16(D). The record reveals that appellees notified appellant of the accident on or about May 8, 1978, well within the 180-day notice provision of R. C. 2743.16(D). Appellees also suggested in their memorandum *contra* appellant's motion to dismiss in the Court of Claims that there was good cause for their filing delay.

The Court of Claims dismissed the case on the ground that the two-year absolute statute of limitations had run and did not address the good cause question raised in appellees' memorandum *contra*. On appeal the Court of Appeals did not consider the matter of good cause because that court erroneously held that R. C. 2743.16 as amended provided the applicable statute of limitations. Therefore, it is necessary to remand this cause to determine whether appellees may take advantage of the notice and good cause exception contained in R. C.2743.16(D).

For reasons hereinbefore stated, the judgments of the Court of Appeals in these three cases are reversed. Case No.

80-1491 is remanded for further proceedings consistent with this opinion.

*Judgment accordingly.*

CELEBREZZE, C. J., STEPHENSON, P. BROWN, SWEENEY and LOCHER, JJ., concur.

HOLMES, J., concurs in the judgment.

C. BROWN, J., dissents.

STEPHENSON, J., of the Fourth Appellate District, sitting for W. BROWN, J.

CLIFFORD F. BROWN, J., dissenting. In No. 80-1328, the *Cox* case, the cause of action arose January 26, 1978, and the legal action was commenced in the Court of Claims within a two-year period on January 25, 1980. I disagree with this court's determination that the 180-day filing requirement or notice in lieu thereof within such period as provided in R. C. 2743.16(A) subject to non-compliance upon good cause shown as provided in R. C. 2743.16(D) is the equivalent of a "conventional statute of limitations" and "[a]bsent a showing of notice and good cause * * *, a plaintiff filing a claim after the 180-day period expired would be barred because the cause of action was extinguished by the running of the applicable statute of limitations."

On the contrary, there never was a 180-day statute of limitations in R. C. 2743.16 and the cause of action was not extinguished in 180 days. A complaint filed *before* February 7, 1979, the effective date of amended R. C. 2743.16, could be filed at any time within two years of the accrual of the cause of action. For such an *ante* February 7, 1979, complaint it could not be known in advance of filing the complaint whether it was subject to a discretionary dismissal under division (D) of R. C. 2743.16 upon allegation and proof by defendant of the affirmative defense of the time-limitation elements contained in division (D). These elements concerned a lack of "good cause shown" by plaintiff, and an absence of "a showing that the state * * * had knowledge of the essential facts constituting the civil action * * *."

Defendant's assertion of this affirmative defense under division (D) concerning notice to the state and good cause

shown must be set forth by a responsive pleading under the Civil Rules and cannot be determined on a motion to dismiss the complaint.[4] Judge Strausbaugh on behalf of a unanimous Court of Appeals cogently and correctly analyzed the *Cox* case with similar rationale.[5] Reversal of the Court of Claims dismissal of the complaint in each of the three cases was cor-

---

[4] All courts reviewing this case have either overlooked or disregarded the proposition that defendant's affirmative defense of the statute of limitations cannot be raised on a motion to dismiss. Nowhere in the complaint or record is there any allegation or statement concerning notice to the state or lack of it, or concerning good cause shown or lack of it.

Granting a motion to dismiss a complaint where the defendant urges the affirmative defense of the statute of limitations, where the complaint on its face does not reveal the existence of such defense, violates elementary principles of pleading. The affirmative defense of the statute of limitations must be set forth in an answer, where the defense is not apparent on the face of the complaint, as prescribed by Civ. R. 8 (B), (C) and (D). See *Vose* v. *Woodford* (1876), 29 Ohio St. 245.

Civ. R. 12(B) provides:

"Every defense, in law or fact, to a claim in any pleading,*** shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:***(6) Failure to state a claim upon which relief can be granted,***."

Only when the essential facts establishing the statute of limitations appear on the face of the complaint may this defense be raised by a motion to dismiss under Civ. R. 12(B)(6). *Searight* v. *State of New Jersey* (D.C. N.J. 1976), 412 F. Supp. 413. A motion to dismiss a complaint under Civ. R. 12(B)(6) based upon the bar of the statute of limitations is erroneously granted where the bar is not conclusively demonstrated on the face of the complaint. *Mills* v. *Whitehouse Trucking Co.* (1974), 40 Ohio St. 2d 55; *Scheer* v. *Air Shields, Inc.* (1979), 61 Ohio App. 2d 205; *Wirth* v. *Ohio Department of Transportation* (March 11, 1980, Franklin Co. Ct. App.), No. 79AP-735, unreported.

[5] The Court of Appeals in *Cox* stated:

"The rule is that when an action of tort is barred by a statute of limitations such cause of action is not revived by a subsequent statute extending the time for bringing such actions. However, we find that paragraph (D) of R. C. 2743.16 presents a situation that is different than the normal statute of limitations, in that the provision in effect at the time of the accident provides that upon good cause shown, the Court may permit a claimant who has failed to timely file a written notice of intention to file his action within two years of accrual of the cause of action; in other words, because of paragraph (D), the cause of action was not completely barred, but instead that provision has now been changed by the legislature saying that it is no longer up to the discretion of the Court of Claims and instead gives the claimant an absolute period of two years.***We find,***, that this provision in paragraph (D) of the original R. C. 2743.16, is a valid distinction which allows the Court of Claims within the two-year period of the accrual of the cause of action in a tort case to hear such cause of action under the new R. C. 2743.16.***" This rationale is applicable to the *Steele* and *Colbert* cases.

rect and harmonizes with the legislative mandate in R. C. 1.11 and elementary principles regarding remedial and procedural laws.

R. C. 1.11 provides that "[r]emedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice.***"

The Court of Claims Act is a set of remedial laws and as such should be liberally construed in order to promote its object and to assist the parties in obtaining justice by reaching the issues of substantive law involved. *State, ex rel. Moritz,* v. *Troop* (1975), 44 Ohio St. 2d 90. See, also, *Van Meter* v. *Segal-Schadel Co.* (1966), 5 Ohio St. 2d 185; *Indus. Comm.* v. *Musselli* (1921), 102 Ohio St. 10.

"[T]he rule of the common law that statutes in derogation thereof must be strictly construed" has no application to a statute of limitations which must be construed liberally in order to promote its object. *McAllister* v. *Hartzell* (1899), 60 Ohio St. 69, 88.

There is another reason, not expressed by the Court of Appeals in *Cox,* to support the Court of Appeals' judgment in *Cox,* as well as the judgments in the companion *Steele* and *Colbert* cases, and reversal of the Court of Claims dismissal of all three cases. That reason is as follows and is more compelling than the reasons given by the Court of Appeals.

Contrary to the contention of defendant, accepted by this court, it is untrue that the Court of Appeals retroactively applied a statutory amendment so as to revive an expired cause of action. It was a prospective application of the statute amended February 7, 1979, and thus in effect when the action was first filed in 1980 in each of the three cases.[6] Division (D)

---

[6] On the subject of retroactive application of the amended statute, this court asserts this unfounded proposition of law:

"What the Court of Appeals managed to do, in essence, was to give retroactive effect to the amended version of R. C. 2743.16. Such retrospective application of the amended statute contravenes the general provisions set forth in R. C. 1.48 and 1.58, as well as the specific legislative mandate expressed in Am. Sub. H. B. No. 149."

On the contrary, it is an elementary well-established principle that the constitutional prohibition against retroactive laws applies only to laws relative to substantive rights, and the laws relating to the remedy were not included within such prohibition. *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70; *State, ex rel. Slaughter,* v. *Indus. Comm.*

and its 180-day notice provision is effective only as to complaints filed before February 7, 1979, and thus does not apply to the *Cox, Steele* and *Colbert* complaints filed in 1980.

Since division (D) does not apply to the three complaints which were filed after February 7, 1979, it is inaccurate to conclude that plaintiff's cause of action was "extinguished" within 180 days after it arose and that on February 7, 1979, plaintiff "no longer had a viable cause of action." Applicable is the rule that a procedural change in the law such as accomplished by R. C. 2743.16 amended February 7, 1978, with an effective date of amendment February 7, 1979, applies to all proceedings commenced after its effective date even though the right or cause of action arose prior thereto. Stated another way an amended statute which relates exclusively to the remedy applies only to all actions commenced on or after the effective date of the amended statute, regardless of the time the cause of action arose. *Smith* v. *New York Central RR. Co.* (1930), 122 Ohio St. 45; *Elder* v. *Shoffstall* (1914), 90 Ohio St. 265; *Sturges* v. *Crowninshield,* (1819), 17 U. S. 122; *Basgarian* v. *Parker Metal Co.* (D.C. N.D. Ohio, E.D. 1968), 282 F. Supp. 766. Thus, R. C. 2743.16, amended effective February 7, 1979, without any 180-day notice or complaint filing requirement, applied to the *Cox* complaint filed thereafter on January 25, 1980. The same application must be made to the Steele and Colbert complaints. The complaint in each case was therefore timely filed within a two-year statutory period. *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70; *State, ex rel. Slaughter,* v. *Indus. Comm.* (1937), 132 Ohio St. 537.

In *Colbert,* I concur with this court's view that the "Court of Appeals correctly held that pursuant to Civ. R. 6(A) the filing deadline was extended to the next business day," that is,

(1937), 132 Ohio St. 537; *Smith* v. *New York Central RR. Co.* (1930), 122 Ohio St. 45, 56, and paragraphs one and two of the syllabus; *Payne* v. *Keller* (1969), 18 Ohio App. 2d 66; *Shira* v. *B. F. Goodrich Co.* (1952), 67 Ohio Law Abs. 548. The amended statute in controversy, R. C. 2743.16, involves a remedy, not a substantive right.

This court quotes R. C. 1.48 and 1.58 as authority for prohibiting retrospective application of amended R. C. 2743.16. This is a misapplication of these statutory construction principles which were intended to apply only to substantive rights. It has been held that these statutes, R. C. 1.48 and 1.58, do not affect remedial matters as to existing causes of action (the cases *sub judice*) upon which suit has not begun at the time the amendment or repeal becomes effective. *Shira, supra; Smith, supra,* at page 56. This also comports with common sense.

Monday, February 11, 1980, the date the complaint was filed. See *Rahm* v. *Hemsoth* (1976), 53 Ohio App. 2d 147. I also concur in the remand of the *Colbert* case, but this remand should be to the Court of Claims where an evidentiary hearing can and should be held coupled with an affirmance of the Court of Appeals and a consequent reversal of the Court of Claims.

The Court of Appeals should be affirmed in all three cases.