**HENNOSY, Fire Marshal, Appellee,**

**v.**

**MIDWEST FIREWORKS MANUFACTURING COMPANY et al., Appellants.**

[Cite as *Hennosy v. Midwest Fireworks Mfg. Co.* (1991), 74 Ohio App.3d 123.]

Court of Appeals of Ohio,
Medina County.

No. 1958.

Decided May 15, 1991.

*Lee Fisher*, Attorney General, and *Carla R. Dowling–Brown*, Assistant Attorney General, for appellee.

*Mark H. Ludwig*, for appellants.

REECE, Judge.

This appeal seeks review of a permanent injunction issued by the Medina County Court of Common Pleas prohibiting appellants, Midwest Fireworks Manufacturing Company, Inc. and Larry D. Lomaz (collectively "Midwest Fireworks"), from the manufacture or wholesale distribution of fireworks in Medina County without a license. Three succinct assignments of error are raised.

### Assignment of Error I

"The trial court lacked subject matter jurisdiction."

Appellee, William A. Hennosy, State Fire Marshal, alleged in the complaint that Midwest Fireworks engaged in the manufacture and wholesale distribution of fireworks without a license. Such conduct is directly prohibited by R.C. 3743.60, 3743.61, and 3743.65.[1] The Fire Marshal is responsible for enforcing these provisions by authority of R.C. 3737.22(A)(14) and asserts jurisdiction pursuant to R.C. 3737.46. The latter statute states in pertinent part:

"Upon the request of the fire marshal, his authorized representative, or a certified fire safety inspector, the attorney general, or the legal officer of any

---

[1]. The General Assembly has enacted criminal penalties to enforce these measures. R.C. 3743.99. As far as the record before us reveals, the Fire Marshal has foregone this avenue in favor of injunctive relief.

county or municipal corporation, shall bring an action for an injunction, temporary or permanent, or any other appropriate proceedings against any person violating or threatening to violate any provision of the state fire code or any order issued pursuant thereto in the court of common pleas in the county where the violation is occurring or is threatened to occur."

As employed in R.C. Chapter 3737, the term "state fire code" refers to the regulations adopted by the Fire Marshal in accordance with R.C. 3737.22(A)(1) and 3737.82. These rules have been codified in Ohio Adm.Code Chapter 1301:7. See Ohio Adm.Code 1301:7-1-01(A). "The equipment, processes, and operations involving the manufacture, possession, sale, transportation, importation, exportation, use and discharge of every class of fireworks in this state" are regulated by Article 27 of the State Fire Code. The express purpose of these directives is "to supplement Chapter 3743 of the Revised Code." Ohio Adm.Code 1301:7-7-27(A).

■■■ The unequivocal declaration of an intent to *supplement* Chapter 3743 suggests that the State Fire Code has incorporated portions of the statute. A supplement is, by necessity, a part of the original decree and dependent upon it. *State, ex rel. Cuneo, v. Bd. of Commrs. of Wyandot Cty.,* (1897), 16 Ohio C.C. 218, 221–222, 9 Ohio C.D. 90, 92, affirmed (1897), 57 Ohio St. 661, 50 N.E. 1127. Accordingly, the Fire Marshal may seek an injunction or initiate other appropriate proceedings against violators, actual or threatened, of the licensing requirements by authority of R.C. 3737.46.

Since the trial court was duly afforded subject matter jurisdiction over this action, this assignment of error is overruled.

### Assignment of Error II

"The trial court erred in granting permanent injunction where the action was moot."

The courts of this state, as is the case elsewhere, will not review questions devoid of live controversies. *Miner v. Witt* (1910), 82 Ohio St. 237, 238–239, 92 N.E. 21, 22; *Tschantz v. Ferguson* (1991), 57 Ohio St.3d 131, 133, 566 N.E.2d 655, 657. However, a well-recognized exception to this rule has been established for controversies capable of repetition yet evading review. *In re Protest Filed by Citizens for the Merit Selection of Judges, Inc.* (1990), 49 Ohio St.3d 102, 103, 551 N.E.2d 150, 151.

The temporary restraining order, which was eventually upgraded to a permanent injunction, prohibited Midwest Fireworks "from the manufacture or wholesale of fireworks in Medina County, Ohio without first obtaining the appropriate license(s)." Midwest Fireworks has since terminated its lease and abandoned the premises on Route 18. Nevertheless, it appears that opera-

tions could easily resume in Medina County, even at the same location, at any time. This matter, therefore, is not moot as the continuation of the injunction will help protect the general public from the threat of dangerous activities. This assignment of error is not well taken.

### Assignment of Error III

"The trial court erred in granting a permanent injunction after repeal of statutes claimed to be applicable."

R.C. 3743.01 defines several terms employed in Ohio's fireworks statute including "fireworks," "manufacturing of fireworks," and "wholesale sale." In 1989 the General Assembly considered amendments to this provision as part of Am.Sub.H.B. No. 111. These additions were ultimately rejected and the text of R.C. 3743.01 remains unchanged. However, Section 2 of the Act—as enacted into law—nevertheless states "[t]hat existing section[ ] * * * 3743:01 * * * of the Revised Code [is] hereby repealed." 1989 Baldwin's Ohio Legislative Service 5–304.

Midwest Fireworks advances the theory that this statute was no longer in effect at the time the permanent injunction was issued, rendering it void. Our attention is directed to *Christ Diehl Brewing Co. v. Schultz* (1917), 96 Ohio St. 27, 28, 117 N.E. 8, 9, which provides:

"Where an existing statute is specifically repealed, a court will not inquire whether the legislature intended its repeal. If it be true that a statute was unintentionally or inadvertently repealed, the remedy is by legislative action, and not by judicial declaration that the general assembly has done that which it did not intend to do."

█ We are convinced that Am.Sub.H.B. No. 111 did not serve to specifically revoke R.C. 3743.01 in light of standard legislative practice. Section 15, Article II of the Ohio Constitution demands that when a law is amended, the original sections affected must be rescinded. The General Assembly, as a result, has adopted the tactic of conditioning the repeal of the statutes listed in the repealer clause upon passage of the proposed amendments. See *Cox v. Dept. of Transp.* (1981), 67 Ohio St.2d 501, 508, 21 O.O.3d 313, 317, 424 N.E.2d 597, 602; Note to R.C. 3743.01, Baldwin's Ohio Revised Code Annotated (1990 Supp.) 169. Since the modifications of R.C. 3743.01 were never adopted, the existing version was not abolished by Am.Sub.H.B. No. 111. This assignment of error is overruled.

The trial court is affirmed in all respects.

*Judgment affirmed.*

QUILLIN, P.J., and CACIOPPO, J., concur.