JOURNAL ENTRY AND OPINION
Joseph Howard appeals from a order of the probate court which ratified the magistrate's order and continued his commitment at Northeoast Behavior Healthcare System, f.k.a Western Reserve Psychiatric Hospital. Howard complains on appeal that he is entitled to discharge because the Cuyahoga County Mental Health Board failed to timely file its application for continued commitment. After a full review of the matter, we have concluded the application had been timely filed and, therefore, affirm the judgment of the probate court.
The record before us reveals that on September 30, 1998, Dr. Nelin Retizos of Northeoast Behavioral filed an affidavit with the probate court alleging Howard to be mentally ill and subject to involuntary hospitalization. The court entered an interim order of detention, and on October 27, 1998, entered an order of commitment for a period not to exceed 90 days. Thereafter on January 19, 1999, the board filed its application for continued commitment. Howard moved to dismiss this application alleging that it had not been timely filed. The probate court overruled the motion and continued his commitment, and from that order, he now appeals and raises one assignment of error for our review which states:
 THE PROBATE COURT ERRED WHEN IT FAILED TO DISMISS THIS ACTION AND FAILED TO DISCHARGE RESPONDENT-APPELLANT.
Howard argues the board incorrectly counted ten days, believes ten days should be counted from January 15, 1999, and as a result of failure to timely file its application, he should be discharged. The board maintains it timely filed the application on Tuesday, January 19, 1999, because January 16, 1999, the tenth day proceeding January 25, 1999, occurred on a Saturday, and on the following Monday, the nation observed the Martin Luther King holiday. The issue here then concerns whether the probate court erroneously determined the board timely filed its application for Howard's continued commitment.
We begin by noting R.C. 5122.15 (H) mandates discharge of a patient who has been committed involuntarily to a hospital unless a timely application for continued commitment has been filed. It states in pertinent part:
 (H) If, at the end of the first ninety-day period or any subsequent period of continued commitment, there has been no disposition of the case, either by discharge or voluntary admission, the hospital, facility, board, agency, or person shall discharge the patient immediately, unless at least ten days before the expiration of the period the attorney the board designates or the prosecutor files with the court an application for continued commitment. * * *
In this case, we recognize that on October 27, 1998, the magistrate entered an order for Howard's involuntary hospitalization, making January 25, 1999 the last day of his commitment. Pursuant to R.C. 5122.15 (H), a timely appeal for continued commitment could have been filed on January 16, 1999 because in calculating time, we do not count the first do but count the last day in accordance with Civ. R. 6 (A), which provides in relevant part:
 In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the date of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.
In Cox v. Dept. of Transportation (1981), 67 Ohio St.2d 501, the court stated:
 [W]hen the last day for filing an action to prevent the statute of limitations from expiring falls on a Saturday, and the courthouse is closed on Saturdays, the action is timely filed if it is filed on the next succeeding day which is not a Saturday, Sunday, or holiday.
Here, we take judicial notice that January 16, 1999 occurred on a Saturday and on the following Sunday and Monday, the courthouse was closed. The board therefore had the opportunity and did file its application on January 19, 1999, which we determine to be a timely filed application. Accordingly the judgment of the probate court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., CONCURS;
DIANE KARPTNSKI, J., DISSENTS
(See Dissenting Opinion, Karpinski, J., attached) ______________________________ JUDGE TERRENCE O'DONNELL