DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, T.H., appeals his adjudication and classification out of the Summit County Court of Common Pleas, Juvenile Division. This Court affirms in part, and reverses in part.
 I. {¶ 2} On January 11, 2007, complaints were filed against the juvenile, alleging one count of receiving stolen property in violation of R.C. 2913.51, a felony of the fourth degree if committed by an adult; one count of resisting arrest in violation of R.C. 2921.331, a misdemeanor of the first degree if committed by an adult; and one count of obstructing official business in violation of R.C. 2921.31, a misdemeanor of the second degree if committed by an adult. T.H. initially denied the charges at a preliminary hearing on January 12, 2007, but later admitted to the charges of receiving stolen property and obstructing official business. The charge of resisting arrest was dismissed. On January 31, 2007, the juvenile court adjudicated *Page 2 
T.H. a delinquent child and proceeded to disposition. The court committed T.H. to the Ohio Department of Youth Services ("DYS") for a minimum term of six months to a maximum term to age twenty-one, suspending the commitment on the juvenile's successful completion of a six-month period of probation.
 {¶ 3} On May 8, 2007, T.H. was brought before the juvenile court for a preliminary hearing on a probation violation pursuant to R.C. 2152.02(F)(2), for allegedly testing positive for marijuana. T.H. admitted to the probation violation and the juvenile court adjudicated him delinquent. The court proceeded immediately to disposition, ordering that T.H. serve three days in detention, obtain a substance abuse evaluation and follow all recommendations, and comply with all prior orders.
 {¶ 4} On August 9, 2007, complaints were filed against the juvenile, alleging one count of rape in violation of R.C. 2907.02(A)(1)(b), and one count of kidnapping in violation of R.C. 2905.01(A)(4), both felonies of the first degree if committed by an adult. On August 13, 2007, T.H. was brought before the juvenile court for a preliminary hearing on a probation violation pursuant to R.C. 2152.02, arising out of the filing of the new complaints. T.H. denied the probation violation, as well as the rape and kidnapping charges, at the preliminary hearing.
 {¶ 5} On November 20, 2007, the matter proceeded to adjudicatory hearing before the magistrate. On November 30, 2007, the juvenile court issued an order adjudicating T.H. delinquent by reason of the probation violation, rape and kidnapping. T.H. timely objected to the magistrate's decision adjudicating him delinquent. On January 14, 2008, the juvenile court overruled the objections and adjudicated T.H. delinquent by reason of kidnapping and rape.
 {¶ 6} The matter proceeded to dispositional hearing on February 14, 2008. The juvenile court committed T.H. to DYS for a minimum term of six months, maximum to age twenty-one, *Page 3 
for the probation violation and ordered that such commitment be served concurrently with the disposition in case number DL 07-08-3211, which involved the rape and kidnapping counts. In that case, the juvenile court ordered that T.H. be committed to DYS "for a minimum term of 12 Month(s) to a maximum term to age twenty-one (21) on Count 1 2907.02 F1 SEX OFFENSES-RAPE-\par Count 2 2905.01 F1 KIDNAPPING AND EXTORTION — KIDNAPPING-."[1] The juvenile court, upon finding that T.H. had been adjudicated delinquent for having committed a sexually oriented offense and that he was sixteen years old at the time of the commission of the offense, further classified T.H. as a juvenile sex offender registrant and Tier III sex offender.
 {¶ 7} T.H. timely appealed, setting forth five assignments of error for review. This Court considers some assignments of error out of order, and consolidates others, to facilitate review. At oral argument, both T.H. and the State stipulated to a remand of this matter to the juvenile court based on that court's erroneous finding in relation to his classification that T.H. was sixteen years old at the time of the commission of the rape and kidnapping. Because T.H. also challenges the juvenile court's jurisdiction to have adjudicated T.H. delinquent, this Court is compelled to address that threshold issue prior to addressing the remaining issues.
 II. ASSIGNMENT OF ERROR II "THE SUMMIT COUNTY JUVENILE COURT ERRED WHEN IT ADJUDICATED T.H. TO BE A DELINQUENT CHILD IN NOVEMBER 2007 BECAUSE AS OF JULY 1, 2007, THERE EXISTED NO STATUTORY AUTHORITY TO CONDUCT SUCH A HEARING OR MAKE SUCH AN ORDER." *Page 4 
 {¶ 8} T.H. argues that (Amended Substitute) Senate Bill 10 (of the 127th General Assembly) ("Senate Bill 10") by its plain language divested the juvenile court of jurisdiction from July 1, 2007, until January 1, 2008. Specifically, T.H. argues that the prior versions of R.C. 2151.23, defining the jurisdiction of the juvenile court, and R.C. 2152.02(F)(1), defining "delinquent child," had been repealed; while the prospective versions of those statutes were not yet in effect.[2] This Court disagrees.
 {¶ 9} Senate Bill 10, states, in relevant part:
 "AN ACT
 "To amend sections *** 2151.23, ***, 2152.02; ***; and to repeal [enumerated sections] of the Revised Code to revise Ohio's Sex Offender Registration and Notification Law and conform it to recently enacted requirements of federal law contained in the Adam Walsh Child Protection and Safety Act of 2006, to increase the penalties for certain violations of kidnapping, aggravated murder when a sentence of death of life without parole is not imposed, and murder when the victim of any of those offenses is less than 13 years of age and the offense was committed with a sexual motivation and require that those sentences be served under the Sexually Violent Predator Sentencing Law, and to declare an emergency.
 "***
 "SECTION 1. That sections *** 2151.23, ***, 2152.02, *** be amended *** as follows:
 "***
 "SECTION 2. That existing sections *** 2151.23, ***, 2152.02, *** are hereby repealed.
 "SECTION 3. The amendments to sections *** 2151.23, ***, 2152.02, *** that are made by Sections 1 and 2 of this act, *** shall take effect on January 1, 2008.
 *** *Page 5 
 "SECTION 4. Sections 1 to 3 of this act shall take effect on July 1, 2007."
 "SECTION 5. This act is hereby declared to be an emergency measure necessary for the immediate preservation of the public peace, health, and safety. The reason for such necessity is that the changes to the state's Sex Offender Registration and Notification Law made by this act are crucially needed to provide increased protection and security for the state's residents from persons who have been convicted of, or found to be delinquent children for committing, a sexually oriented offense or a child-victim oriented offense and to conform that Law by July 1, 2007, to recently enacted requirements of federal law. Therefore this act shall take immediate effect."
 {¶ 10} This is an issue of first impression in this appellate district. While other districts have addressed it in various ways, all have held that some version of the enumerated statutory provisions was in effect from July 1, 2007, until January 1, 2008.
 {¶ 11} The Third District Court of Appeals first addressed the issue in In re Smith, 3d Dist. No. 1-07-58, 2008-Ohio-3234. The Third District held that the plain language of Senate Bill 10 indicates that "all of the Ohio Revised Code portions repealed in Section 2 were repealed effective January 1, 2008, the same date that the new laws, as articulated in Section 1, became effective." Id. at ¶ 23. The court reasoned that Section 2, which repealed the various statutory provisions, was "deemed effective January 1, 2008 by Section 3[.]" Id. at ¶ 21. The court added that "although Section 4 makes Sections 1-3 effective on July 1, 2007, this does not change the effective dates contained in each individual section for the enactment and repeal of individual provisions." Id. at ¶ 22.
 {¶ 12} The Eighth District Court of Appeals later addressed the issue in In re E.L., 8th Dist. No. 90848, 2008-Ohio-5094. The Eighth District rejected the Third District's plain language analysis, instead holding that "Section 4 of S.B. 10 creates ambiguity regarding the effective dates of the old versus the new laws." Id. at ¶ 11. The Eighth District considered the *Page 6 
purpose and background of Senate Bill 10, id. at ¶ 7-8, as well as case law out of the Ohio Supreme Court, which held:
 "The General Assembly will not be presumed to have intended to enact a law producing unreasonable or absurd consequences. It is the duty of the courts, if the language of a statute fairly permits or unless restrained by the clear language thereof, so to construe the statute as to avoid such a result." Canton v. Imperial Bowling Lanes, Inc. (1968), 16 Ohio St.2d 47, paragraph four of the syllabus.
The Eighth District then concluded:
 "[T]o avoid an unreasonable result, we must rely on legislative intent and read S.B. 10 to mean that the `repealed' and `amended' portions of the numerous statutes affected registration, notification, etc., of classified sex offenders. The legislation had no intention to repeal or amend the substantive elements of offenses such as rape or kidnapping, or the court's authority to oversee the criminal justice system. The juvenile court's jurisdiction over delinquent minors remained uninterrupted[.]" In re E.L.
at ¶ 11.
 {¶ 13} The Fifth District Court of Appeals then addressed the issue inIn re Carr, 5th Dist. No. 08 CA 19, 2008-Ohio-5689, taking a hybrid approach to hold that Senate Bill 10 did not divest the juvenile court of jurisdiction during the period of July 1, 2007, until January 1, 2008. Relying on the Third District's analysis In re Smith, the Fifth District rejected the juvenile's interpretation of the effect of Senate Bill 10 as "not supported by the plain language of Senate Bill 10."In re Carr at ¶ 26. The Fifth District, however, further addressed the issue from the alternate perspective "[e]ven without the legislature expressly setting forth the repeal and effective dates[.]" Id. at ¶ 28. The court looked to case law, including this Court's decision inState v. Hall (Feb.5, 1986), 9th Dist. No. 3883, which relied on a decision out of the Ohio Supreme Court addressing a similar issue. InCox v. Ohio Dept. of Transportation (1981), 67 Ohio St.2d 501, the high court stated:
 "Where the provisions of a revising statute are to take effect at a future period, and the statute contains a clause repealing the former statute upon the same subject, the repealing clause does not take effect until the other provisions of the repealing act come into operation. *Page 7 
 "Modern commentators have endorsed the proposition that a repealer and the amendatory enactment take effect simultaneously unless the legislature expresses a contrary intention. The power to enact laws includes the power to fix a future day on which the act will take effect. A statute with a definite future day fixed for its commencement has effect only from that time. A repealing clause of a statute which is to take effect in the future will not be effective until the statute itself is in operation.
 "***
 "Where an act of the General Assembly amends an existing section of the Revised Code ***, postpones the effective date of the amended section ***, and repeals the existing section in a standard form of repealing clause used for many years by the General Assembly for the purpose of complying with Section 15(D) of Article II of the Constitution of Ohio, the constitutionally mandated repealing clause must be construed to take effect upon the effective date of the amended section in order to prevent a hiatus in statutory law, during which neither the repealed section nor the amended section is in effect. ***
 "To hold otherwise would render the legislative directive expressed *** a nullity." (Internal citations and quotations omitted.) Id. at 507-508.
 {¶ 14} This Court agrees with our sister districts that there was no void in the law created by Senate Bill 10. However, after thoughtful consideration, we reject the reasoning of the Third, Fifth and Eighth Districts to the extent that they analyze the issue from the perspectives of plain language and/or ambiguity. It is not as clear that the plain language of the act allows us to reach our ultimate conclusion. On the other hand, an ambiguity analysis necessarily implicates applying rules of statutory construction. Neither approach is applicable under these circumstances.
 {¶ 15} Rather, as we did in Hall, supra, this Court notes the wisdom of the Ohio Supreme Court in the Cox decision. In that case, the high court created a rule of law to ipso facto prevent a void in the statutory law without the need to resort to construing the specific language of the act or legislative intent. In the absence of express language creating a hiatus in the statutory law, a legislative act presumptively maintains a statutory framework. Accordingly, on the authority *Page 8 
of Cox, this Court holds that the juvenile court was not without statutory authority in November 2007 to conduct an adjudicatory hearing. T.H.'s second assignment of error is overruled.
 ASSIGNMENT OF ERROR I "THE SUMMIT COUNTY JUVENILE COURT ERRED WHEN IT CLASSIFIED T.H. AS A JUVENILE OFFENDER REGISTRANT BECAUSE IT DID NOT MAKE THAT DETERMINATION UPON HIS RELEASE FROM A SECURE FACILITY, IN VIOLATION OF R.C. 2152.83(B)(1)."
 {¶ 16} T.H. argues that the juvenile court erred by classifying him as a juvenile offender registrant at the time of disposition because of the juvenile court's belief that it was obligated to do so based on its finding that T.H. was sixteen years old at the time of the commission of the offenses.
 {¶ 17} The record indicates that T.H. was born on August 6, 1991. The complaints alleged that he committed rape and kidnapping between July 10-13, 2007, at a time when he would have been fifteen years old. At oral argument, both T.H. and the State stipulated that this matter must be remanded to the juvenile court for a reconsideration and proper determination of T.H.'s age at the time of the commission of the offenses before the juvenile court proceeds with classification, if at all, pursuant to applicable law. Accordingly, this Court declines to address the substantive merits of this assignment of error and remands pursuant to the parties' stipulation.
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED WHEN IT APPLIED SENATE BILL 10 TO T.H. AS THE APPLICATION OF SENATE BILL [10] TO [T.H] VIOLATES HIS RIGHT TO DUE PROCESS AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION." *Page 9 
 ASSIGNMENT OF ERROR IV "THE RETROACTIVE APPLICATION OF SENATE BILL 10 TO T.H. VIOLATES THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION AND THE RETROACTIVITY CLAUSE OF SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION."
 ASSIGNMENT OF ERROR V "T.H. WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL. FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, SECTIONS 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION."
 {¶ 18} T.H. argues that the application of Senate Bill 10 to him in regard to classification as a sex offender registrant is unconstitutional. He further argues that he was denied his constitutional right to the effective assistance of counsel. Because T.H. stipulated to reversal and remand of this matter to the juvenile court pursuant to the arguments raised in his first assignment of error, this Court declines to address the third, fourth and fifth assignments of error, as they are now moot. III. {¶ 19} T.H.'s second assignment of error is overruled. The parties stipulate to reversal and remand in regard to the juvenile's first assignment of error. This Court declines to address the remaining assignments of error. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed in part, and reversed in part, and the cause remanded for further proceedings consistent with this opinion.
 Judgment affirmed in part, reversed in part, and cause remanded. *Page 10 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed equally to both parties.
SLABY, J., WHITMORE, J., CONCUR
[1] While there appears to be a typographical error in the written recitation of the dispositional orders, T.H. asserts in his statement of the case and facts that the juvenile court committed him to concurrent one-year terms in DYS on the rape and kidnapping counts.
[2] Senate Bill 10 also addressed R.C. 2905.01 (kidnapping) and R.C. 2907.02 (rape), but T.H. asserts that those "code sections [] are not at issue here[.]" Accordingly, this Court confines its analysis to the provisions specifically addressed by T.H. *Page 1