The STATE of Ohio, Appellee,

v.

BAUMGARTNER, Appellant.

[Cite as *State v. Baumgartner,* 148 Ohio App.3d 281, 2002-Ohio-3174.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 00–CA–63.

Decided June 26, 2002.

Paul J. Gains, Mahoning County Prosecuting Attorney, and Janice T. O'Halloran, Assistant Prosecuting Attorney, for appellee.

J. Dean Carro and Appellate Review Office, School of Law, University of Akron, for appellant.

---

GENE DONOFRIO, Judge.

{¶ 1} Defendant-appellant, Albert Baumgartner, appeals his conviction and sentence for two counts of aggravated murder and one count of attempted aggravated murder, with accompanying specifications.

{¶ 2} On September 14, 1998, appellant shot and killed his mother and father and shot and wounded his sister. On October 15, 1998, a Mahoning County Grand Jury returned an indictment against appellant setting forth three counts. Counts 1 and 2 were for the aggravated murder of his father and mother. Each count carried a specification of an aggravating circumstance that the offense was part of a course of conduct involving the purposeful killing of two or more persons by appellant. R.C. 2929.04(A)(5). Count 3 was for the attempted aggravated murder of his sister. Each of the three counts also carried a firearm specification.

{¶ 3} Appellant was appointed counsel and pled not guilty. Following several pretrial matters, appellant and plaintiff-appellee, state of Ohio, reached a plea agreement. The matter proceeded to a plea and sentencing hearing on March 21, 2002. In exchange for appellant's guilty plea to all three counts, appellee agreed to move for dismissal of the death penalty specifications and for the three firearm specifications to be merged into one. The trial court sustained appellee's motion and accepted appellant's guilty pleas. The court then sentenced appellant to twenty years to life imprisonment on each of the aggravated murder counts and ten years' imprisonment on the attempted aggravated murder count, each term to be served consecutively. The court also sentenced appellant to three years' imprisonment on the firearm specification. This appeal followed.

{¶ 4} Appellant's first assignment of error states:

{¶ 5} "The trial court erred when it imposed the sentences for the two counts of aggravated murder, which violated R.C. 2929.02(A) and 2929.03(A)(1) and the Fourteenth Amendment Due Process Clause because the sentences imposed were contrary to law. (Sentencing judgment entry, March 21, 2000)."

{¶ 6} Appellant argues that he was led to believe that he could be released after twenty years or that he may have been eligible for parole earlier than twenty years based on good time credit. In support, appellant points to a discrepancy between the trial court's judgment entry of sentence and the colloquy

that took place during the sentencing hearing. At the sentencing hearing, the court sentenced appellant to "20 years to life" for each of the two aggravated murder counts. However, the court's judgment entry sentences appellant to "20 years in prison" for each of the two aggravated murder counts without any reference to "life." Appellant characterizes this as a twenty-year "definite" sentence which the sentencing statute for aggravated murder does not authorize. Based on his construction of this as a "definite" sentence, appellant argues that he was under the impression that he could be released after twenty years or that he would be eligible for parole after fourteen years, based on good time credit.

{¶ 7} Appellant attempts to analogize his case to *State v. Farley* (July 15, 1997), 10th Dist. No. 96APA09–1247, 1997 WL 401947. In *Farley,* following defendant's conviction by a jury for aggravated murder, the trial court sentenced the defendant to "life with no eligibility for parole in less than twenty years." On appeal, the Tenth District apparently construed this to mean that the trial court was attempting to require that the defendant serve at least twenty full years before becoming eligible for parole. At the time, R.C. 2967.19(B) provided that a person "serving a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment" was "entitled, for faithfully observing the rules of the institution, to a diminution of thirty percent of the time that is required to be served before parole eligibility." Therefore, the appeals court perceived the trial court's sentence as an attempt to either deny appellant good-time credit or deny parole eligibility until the defendant had served twenty full years. The court reversed appellant's sentence and remanded for resentencing.

{¶ 8} Appellant's reliance on *Farley* is misplaced. R.C. 2967.19 was repealed in 1996, well before appellant's conviction and sentence. R.C. 2929.03 provides:

{¶ 9} "(A) If the indictment or count in the indictment charging aggravated murder does not contain one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, then, following a verdict of guilty of the charge of aggravated murder, the trial court shall impose sentence on the offender as follows:

{¶ 10} "(1) [T]he trial court shall impose a sentence of life imprisonment with parole eligibility after serving twenty years of imprisonment on the offender."

{¶ 11} Concerning parole eligibility, R.C. 2967.13 provides:

{¶ 12} "(A) [A] prisoner serving a sentence of imprisonment for life for an offense committed on or after July 1, 1996, is not entitled to any earned credit under section 2967.193 of the Revised Code and becomes eligible for parole as follows:

{¶ 13} " * * *

{¶ 14} "(2) If a sentence of imprisonment for life with parole eligibility after serving twenty years of imprisonment was imposed pursuant to section 2929.022 or 2929.03 of the Revised Code, after serving a term of twenty years[.]"

{¶ 15} Thus, under the present sentencing scheme for aggravated murder, appellant must serve twenty full years before becoming eligible for parole and appellant is not entitled to apply earned or "good time" credit to that twenty years. Appellant's argument that he was led to believe that he would be eligible for parole after fourteen years, based on good-time credit, is not supported by the record.

{¶ 16} At the sentencing hearing, the trial court told appellant that he was being sentenced to twenty years to life. The court told appellant that he had to serve a "mandatory" fifty-three years (twenty for each of the aggravated murder charges, ten for the attempted aggravated murder charge, and three for the firearm specification) before becoming eligible for parole. The court also told appellant that the term would be served without good-time credit. Each time appellant responded that he understood.

{¶ 17} In addition, the written guilty plea form which appellant signed mirrors the sentencing hearing colloquy. The form clearly states that the basic prison term for each of the aggravated murder counts is twenty years to life. The form also explains that the maximum term for each of the aggravated murder counts could be life. The form indicated that appellant understood that he would have to serve a mandatory fifty-three years, during which he would not be eligible for judicial release.

{¶ 18} Based on the record, at the time appellant entered his plea he clearly understood what, under the law, was the correct sentence. It was not until after the trial court filed its written judgment entry of sentence that appellant claims to have acquired some "retrospective" misunderstanding of his sentence. The problem remains however that the court's sentencing entry, technically speaking, does not accurately reflect the correct sentence. Therefore, the matter is remanded with instructions to the trial court to correct the sentencing entry as a clerical mistake pursuant to Crim.R. 36.[1]

{¶ 19} Accordingly, appellant's first assignment of error is without merit.

{¶ 20} Appellant's second assignment of error states:

{¶ 21} "The trial court erred by accepting appellant Baumgartner's guilty pleas because his pleas were based upon faulty and inaccurate information

---

1. Crim.R. 36 provides: "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."

regarding his sentence and the availability of parole. As such, the appellant's guilty pleas were made involuntarily, violating appellant Baumgartner's due process rights under the Fourteenth Amendment. (Sentencing judgment entry, March 21, 2000)."

{¶ 22} Appellant's argument under this assignment of error is premised entirely on the same argument advanced under his first assignment of error concerning his allegation that he was misled about the sentence on the aggravated murder counts. As indicated under that assignment of error, appellant clearly understood the correct sentence. Therefore, that argument cannot serve as the basis for appellant's argument under this assignment of error. Nonetheless, we will proceed to undertake a general review of the voluntariness of appellant's plea.

{¶ 23} Prior to accepting a guilty plea by a defendant, a trial court is required to follow the dictates of Crim.R. 11(C), which direct the trial judge to inform the defendant of certain matters. *State v. Johnson* (1988), 40 Ohio St.3d 130, 132–33, 532 N.E.2d 1295. Crim.R. 11(C) provides:

{¶ 24} "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

{¶ 25} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

{¶ 26} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 27} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 28} "(3) With respect to aggravated murder committed on and after January 1, 1974, the defendant shall plead separately to the charge and to each specification, if any. A plea of guilty or no contest to the charge waives the defendant's right to a jury trial, and before accepting a plea of guilty or no contest the court shall so advise the defendant and determine that the defendant understands the consequences of the plea.

{¶ 29} "If the indictment contains no specification, and a plea of guilty or no contest to the charge is accepted, the court shall impose the sentence provided by law."

{¶ 30} Although rigid adherence to Crim.R. 11 is preferred, a court need only substantially comply with the rule in order to effectuate a valid plea. *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. Only upon a showing that Crim.R. 11 was not substantially complied with will a reviewing court vacate a guilty plea. Id. A trial court will be deemed to have substantially complied with Crim.R. 11 if, under the totality of the circumstances, the defendant knowingly, voluntarily, and intelligently entered his plea and subjectively understood the effect of the plea, the rights being waived and the consequences of such. *State v. Stewart* (1977), 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163.

{¶ 31} A review of the transcript from the plea proceedings reveals that the trial court adequately complied with Crim.R. 11 so as to ensure that appellant's plea was knowingly, voluntarily, and intelligently entered. After learning of the details of the plea agreement, the trial court judge proceeded to personally address appellant. The judge explained the nature of the charges, the minimum and maximum penalties involved, and that appellant would not be eligible for probation. The judge informed appellant of and determined that appellant understood the effect of his plea of guilty, and that the court upon acceptance of the plea could proceed with judgment and sentence. The judge informed appellant that by his plea he was waiving his rights to a jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself. Throughout this discussion appellant repeatedly acknowledged that he understood what was being explained to him.

{¶ 32} In sum, under the totality of the circumstances, the trial court substantially complied with Crim.R. 11 and adequately ensured that appellant knowingly, voluntarily, and intelligently entered his plea and subjectively understood the effect of the plea, the rights being waived, and the consequences of such. In addition, appellant signed a written plea setting forth in detail the charges, the sentences for each, and all of the provisions contained in Crim.R. 11(C). While not sufficient by itself, appellant's written plea is just further proof that appellant knowingly, voluntarily, and intelligently entered his plea.

{¶ 33} Accordingly, appellant's second assignment of error is without merit.

{¶ 34} Appellant's third assignment of error states:

{¶ 35} "The trial court erred by imposing the maximum sentence of ten years for a first-degree felony, in violation of R.C. 2929.14(B) because appellant

Baumgartner has not previously served a prison term. (Sentencing judgment entry, March 21, 2000)."

{¶ 36} The trial court sentenced appellant to ten years in prison for the attempted aggravated murder charge. Appellant argues that this sentence was incorrect because it was the maximum term and he was a first-time offender.

{¶ 37} Appellant pled guilty and was found guilty of attempted aggravated murder, in violation of R.C. 2903.01(A) and R.C. 2923.02(A). A violation of those sections is a felony of the first degree. R.C. 2923.02(E). A felony of the first degree carries a possible prison term of three, four, five, six, seven, eight, nine, or ten years. R.C. 2929.14(A)(1). The trial court sentenced appellant to a prison term of ten years.

{¶ 38} Appellant contends that because he has not served a previous prison term, the trial court erred because it did not make the required findings pursuant to R.C. 2929.14(B) to sentence him to serve more than the minimum sentence. Appellant also argues that the trial court did not make the findings pursuant to R.C. 2929.14(C) required to sentence him to the maximum sentence.

{¶ 39} R.C. 2929.14(B) states:

{¶ 40} *"Except as provided in division (C),* (D)(1), (D)(2), (D)(3), or (G) *of this section,* in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)

{¶ 41} R.C. 2929.14(C) provides:

{¶ 42} "[T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *."

{¶ 43} Although the trial court sentenced appellant to more than the minimum, R.C. 2929.14(B) is inapplicable because the court sentenced appellant to the maximum term, implicating instead R.C. 2929.14(C). A well-established rule of construction is that " 'in looking to the face of a statute or Act to determine legislative intent, significance and effect should be accorded to every word, phrase, sentence and part thereof, if possible.' " *KeyCorp v. Tracy* (1999),

87 Ohio St.3d 238, 241, 719 N.E.2d 529, quoting *State v. Wilson* (1997), 77 Ohio St.3d 334, 336–337, 673 N.E.2d 1347. Here, R.C. 2929.14(B) begins, "Except as provided in division (C) * * * of this section." Applying the plain meaning of these words in this phrase, it means that R.C. 2929.14(B) does not apply if the court imposes a maximum sentence.

{¶ 44} This interpretation of R.C. 2929.14(B) and (C) as mutually exclusive has been adopted by other districts. In *State v. Gladden*, 8th Dist. No. 76908, 2001-Ohio-4129, 2001 WL 30442 at * 3, the Eighth Appellate District held that "once a trial court makes the requisite findings justifying a maximum term of incarceration under R.C. 2929.14(C), it thereafter is not required to justify its reasons for imposing more than the minimum term of incarceration, in spite of the offender's status as an offender who previously had not served a prison term." See, also, *State v. Berry* (June 14, 2001), 8th Dist. No. 78187, 2001 WL 705647; *State v. Sherman* (May 20, 1999), 8th Dist. No. 74297, 1999 WL 328612. In *State v. Jackson* (Aug. 20, 1999), 1st Dist. No. C–980512, 1999 WL 631007, the First Appellate District stated that the express language of R.C. 2929.14(B) "renders the section inapplicable where an offender is sentenced to a maximum prison term under R.C. 2929.14(C)," and clarified its earlier pronouncements holding "that where an offender who has not previously served a prison term is sentenced to a maximum term of imprisonment, where the imposition of that sentence is accompanied by the requisite finding under R.C. 2929.14(C), and where that finding is supported by the record, the trial court need not also make a separate finding under 2929.14(B) to justify its imposition of more than the minimum term of imprisonment." In *State v. Phipps* (Feb. 25, 1999), 3rd Dist. No. 1–98–69, 1999 WL 155953, the Third Appellate District noted that "the applicability of [R.C. 2929.14(B) ], by its own terms, is conditioned upon the non-applicability of R.C. 2929.14(C)."

{¶ 45} In *State v. Moore* (Sept. 10, 2001), 12th Dist. No. CA2001–01–001, 2001 WL 1024040, the Twelfth Appellate District agreed with the other districts that had addressed the issue. The Twelfth District also proceeded to reconcile that interpretation of those provisions with the Ohio Supreme Court's decision in *State v. Edmonson* (1999), 86 Ohio St.3d 324, 715 N.E.2d 131. In *Edmonson*, the Ohio Supreme Court analyzed the requirements of R.C. 2929.14(B) before affirming a maximum sentence under R.C. 2929.14(C). The Twelfth District distinguished *Edmonson* observing:

{¶ 46} "First, the precise issue before the court in *Edmonson* was whether the trial court was required to state its reasons for imposing more than the minimum sentence, and the syllabus reflects the court's holding on this issue only. Second, the *Edmonson* court found that the trial court failed to make the required findings under R.C. 2929.14(C), regarding imposition of the maximum

sentence. Thus, unlike the case at bar, it was impossible for the Ohio Supreme Court to conclude that because the maximum sentence was properly imposed, minimum sentence findings were not required." Id.

{¶ 47} In addition to R.C. 2929.14(C), a maximum prison term implicates R.C. 2929.19(B)(2)(d). R.C. 2929.19(B)(2)(d) acts in concert with R.C. 2929.14(C) when dealing with the situation whereby the trial court sentences a defendant to the maximum term of imprisonment despite the fact that it is dealing with a single offense. The statute provides as follows:

{¶ 48} "(B)(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:

{¶ 49} " * * *

{¶ 50} "(d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term."

{¶ 51} In order to comply with R.C. 2929.14(C), the trial court must record a finding that the defendant fits into one of the categories listed in that section. *Edmonson,* 86 Ohio St.3d at 329, 715 N.E.2d 131. Statements by a trial court which may impliedly demonstrate that the court made the requisite finding pursuant to R.C. 2929.14(C) are not sufficient. Id. Notwithstanding the sentencing court's authority to impose the maximum term, it is obligated to divulge its rationale for imposing such a sentence. R.C. 2929.19(B)(2). Specifically, pursuant to R.C. 2929.19(B)(2)(d) a trial court must set forth its reasons for finding that the maximum sentence was appropriate even though the defendant is being sentenced only on a single offense. Id. Unlike the previous two statutory sections discussed herein, the trial court must set forth support for its decision under R.C. 2929.19(B)(2)(d).

{¶ 52} In this case, the record fails to reveal any compliance with R.C. 2929.14(C) and R.C. 2929.19(B)(2)(d). A review of both the sentencing entry and the transcript from the sentencing hearing supports appellant's contention in this aspect. At no point in time does the trial court assert that appellant committed the worst form of the offense that he was charged with. Similarly, the trial court does not make any of the other findings available under R.C. 2929.14(C) that would permit the imposition of the maximum sentence. Nor did the court set forth any reasons which could conceivably support such a finding.

{¶ 53} Accordingly, appellant's third assignment of error has merit.

{¶ 54} Appellant's fourth assignment of error states:

{¶ 55} "Trial counsel provided ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution when they incorrectly advised appellant Baumgartner that he was eligible for a 20 years to life sentence. (Guilty plea form dated March 21, 2000)"

{¶ 56} Appellant's argument under this assignment of error is premised entirely on the same argument advanced under his first assignment of error concerning his allegation that he was misled about the sentence on the aggravated murder counts. As indicated under that assignment of error, appellant clearly understood the correct sentence. Therefore, that argument cannot serve as the basis for appellant's argument under this assignment of error. Nonetheless, we will proceed to undertake a general review of appellant's ineffectiveness claim.

{¶ 57} In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. A defendant must show that counsel acted unreasonably and that but for counsel's errors, there exists a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 696, 104 S.Ct. 2052, 80 L.Ed.2d 674; *Bradley* at paragraph three of the syllabus.

{¶ 58} "Judicial scrutiny of counsel's performance is to be highly deferential, and reviewing courts must refrain from second-guessing the strategic decisions of trial counsel." *State v. Carter* (1995), 72 Ohio St.3d 545, 558, 651 N.E.2d 965. Rather, trial counsel are entitled to a strong presumption that all decisions fell within the wide range of reasonable, professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267. In addition, if an appellant's ineffectiveness claim can be disposed of on that ground alone, it should be without engaging in an analysis of counsel's performance. *Bradley*, 42 Ohio St.3d at 143, 538 N.E.2d 373, citing *Strickland.*

{¶ 59} Appellant's claim of ineffective assistance of counsel fails for lack of prejudice. As indicated under appellant's first assignment of error, appellant clearly understood the correct sentence. This court reviewed a similar claim in *State v. Lankford* (June 30, 1999), 7th Dist. No. 96 BA 51, 1999 WL 475981. In that case, the defendant pled guilty to aggravated murder with a death penalty specification and was sentenced to life in prison with parole eligibility after serving thirty years of imprisonment. Subsequently, the defendant filed a motion to withdraw his plea arguing that he was led to believe that he would be eligible for good-time credit. He thought that his maximum sentence was life with parole eligibility after thirty years minus good-time credit, which could result in parole eligibility after twenty years. The trial court denied his motion. On appeal, this

court noted that (like the law applicable in this case) the defendant was not entitled to good-time credit and that he had first to serve thirty "full" years before becoming eligible for parole. In evaluating his ineffective assistance of counsel claim, this court observed:

{¶ 60} "Even if we believed appellant's assertion that he was not aware of the possibility that good time was inapplicable to him, the existence of prejudice is lacking. There is no indication that appellant would not have pled guilty if he knew that he would be ineligible for good time credit. * * * Appellant was aware that the maximum sentence he faced was death. By pleading guilty he increased his chances of receiving a life sentence with parole eligibility.

{¶ 61} "Appellant was twenty years old when he was sentenced. Obviously, he was hoping for a life sentence with a chance of parole after twenty years, but the three judge panel thought that such a sentence would demean the life of Ms. Redmond. It seems unlikely and appellant does not claim that he would have chosen to chance a death sentence if he knew that good time was not a possibility. Because good time credit estimations are mere speculation about sentence possibilities, appellant's misapplication of the good time credit statute does not result in an involuntary, unknowing, or manifestly unjust plea. See *State v. Xie* (1992), 62 Ohio St.3d 521, 584 N.E.2d 715. A post-sentence withdrawal motion is only granted in extraordinary instances. [*State v. Smith* (1977), 49 Ohio St.2d 261, 264, 3 O.O.3d 402, 361 N.E.2d 1324]. Appellant has failed to carry his burden of showing a manifest injustice or *prejudicially deficient performance by his counsel.* Appellant's assignment of error does not warrant relief." (Emphasis added.)

{¶ 62} Accordingly, appellant's fourth assignment of error is without merit.

{¶ 63} Based on our finding of error under appellant's third assignment of error, the judgment of the trial court is reversed in part, and the matter is remanded for resentencing on the attempted aggravated murder conviction. Additionally, due to the clerical error concerning the trial court's judgment entry of sentence on the aggravated murder convictions (identified and explained under appellant's first assignment of error), this matter is remanded with instructions to the trial court to correct the clerical mistake pursuant to Crim.R. 36. The balance of the trial court's judgment is hereby affirmed.

> Judgment affirmed in part,
> reversed in part
> and cause remanded.

WAITE and DeGENARO, JJ., concur.