OPINION
{¶ 1} D'Metri M. Evans, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas wherein the court found appellant guilty of attempted felonious assault without specification, in violation of R.C. 2923.02, a third-degree felony.
{¶ 2} The facts underlying appellant's indictment related to offenses committed during a marijuana transaction. After telling the victim that he had marijuana to sell, appellant wounded the victim with a handgun. On October 24, 2001, appellant was indicted on one count of aggravated robbery, in violation of R.C. 2911.01; one count of robbery as a second-degree felony, in violation of R.C. 2911.02; one count of robbery as a third-degree felony, in violation of R.C. 2911.02; one count of attempted murder, in violation of R.C. 2923.02, as applied to R.C.2903.02; and one count of felonious assault, in violation of R.C. 2903.11. Each count contained a firearm specification pursuant to R.C. 2941.145. Appellant was seventeen years old at the time of the incident and his case was transferred from the Franklin County Juvenile Court to the Franklin County Common Pleas Court following a bindover proceeding. On January 25, 2002, appellant pled guilty to the stipulated lesser-included offense of felonious assault, to wit: attempted felonious assault without a firearm specification, a third-degree felony. A nolle prosequi was entered on the remaining counts.
{¶ 3} The trial court entered a judgment on January 28, 2002, in which the court sentenced appellant to five years' incarceration, the maximum sentence. Appellant appeals the trial court's judgment sentencing him to the maximum sentence, asserting the following single assignment of error:
{¶ 4} "The trial court erred in imposing a term greater than the minimum period of incarceration, without making findings as required by R.C. 2929.14, upon a defendant with no prior history of imprisonment."
{¶ 5} Appellant argues in his sole assignment of error the trial court erred in imposing a term greater than the minimum sentence without making the findings required by R.C. 2929.14, in light of the absence of a prior history of imprisonment. R.C. 2929.14(A)(3) permits a sentencing range of one to five years for a third-degree felony. The trial court ordered that appellant be imprisoned for the maximum term of five years. Appellant asserts the trial court did not adequately justify deviating from the minimum sentence pursuant to R.C. 2929.14(B), which provides:
{¶ 6} "Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
{¶ 7} The state concedes the trial court did not make the findings set forth in R.C. 2929.14(B) in not sentencing appellant to the minimum sentence. However, the state contends that the introductory language "Except as provided in division (C)" at the beginning of R.C. 2929.14(B) should be construed to mean that a trial court is not required to make the findings in R.C. 2929.14(B) if the court imposes a maximum sentence in accordance with R.C. 2929.14(C). Because the trial court complied with the sentencing requirements contained in R.C. 2929.14(C), the state asserts the findings set forth in (B) were not necessary.
{¶ 8} This interpretation of R.C. 2929.14(B) and (C) as mutually exclusive has been adopted by other districts. In State v. Gladden (Jan. 4, 2001), Cuyahoga App. No. 76908, the Eighth District held that "once a trial court makes the requisite findings justifying a maximum term of incarceration under R.C. 2929.14(C), it thereafter is not required to justify its reasons for imposing more than the minimum term of incarceration, in spite of the offender's status as an offender who previously had not served a prison term." See, also, State v. Baumgartner (2002), 148 Ohio App.3d 281; State v. Johnson, Cuyahoga App. No. 80533, 2002-Ohio-5960; State v. McCarthy, Belmont App. No. 01 BA 33, 2002-Ohio-5185; State v. Ayers, Cuyahoga App. No. 79134, 2002-Ohio-4773; State v. Prettyman (Mar. 14, 2002), Cuyahoga App. No. 79291; State v. Palmer (Nov. 19, 2001), Mahoning App. No. 99CA6; State v. Scott (Sept. 21, 2001), Mahoning App. No. 98CA124; State v. Berry (June 14, 2001), Cuyahoga App. No. 78187; State v. Jackson (Aug. 20, 1999), Hamilton App. No. C-980512; State v. Sherman (May 20, 1999), Cuyahoga App. No. 74297; and State v. Phipps (Feb. 25, 1999), Allen App. No. 1-98-69.
{¶ 9} In State v. Moore (Sept. 10, 2001), Fayette App. No. CA2001-01-001, the Twelfth Appellate District agreed with the above districts when it addressed the issue. The Twelfth District also proceeded to reconcile that interpretation of those provisions with the Ohio Supreme Court's decision in State v. Edmonson (1999),86 Ohio St.3d 324. In Edmonson, the Ohio Supreme Court analyzed the requirements of R.C. 2929.14(B) before affirming a maximum sentence under R.C. 2929.14(C). The Twelfth District distinguished Edmonson, observing:
{¶ 10} "First, the precise issue before the court in Edmonson was whether the trial court was required to state its reasons for imposing more than the minimum sentence, and the syllabus reflects the court's holding on this issue only. Second, the Edmonson court found that the trial court failed to make the required findings under R.C. 2929.14(C), regarding imposition of the maximum sentence. Thus, unlike the case at bar, it was impossible for the Ohio Supreme Court to conclude that because the maximum sentence was properly imposed, minimum sentence findings were not required." Moore, supra. See, also, McCarthy, supra, at ¶ 8.
{¶ 11} Recently, in State v. Schoenlein, Franklin App. No. 01AP-1451, 2002-Ohio-3894, this court touched upon this issue. In Schoenlein, we found the trial court was required to find on the record that the imposition of the shortest term of imprisonment would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime even though it had made the appropriate findings pursuant to R.C. 2929.14(C) to impose a maximum sentence. We cited State v. DeAmiches (Mar. 1, 2001), Cuyahoga App. No. 77609, in which the Cuyahoga County Court of Appeals concluded that it could not presume from the imposition of maximum and consecutive terms that the sentencing judge reviewed the factors set forth in R.C. 2929.14(B). The court reasoned as follows:
{¶ 12} "* * * [We are not] persuaded that the judge necessarily rejected the presumption [in favor of the shortest possible term of imprisonment] based on the State's argument that the maximum consecutive sentences attest to her finding that minimum prison terms were unwarranted. We could only draw such a conclusion if the judge had shown her awareness and consideration of the General Assembly's directive in passing sentence." Id.
{¶ 13} In Schoenlein, we relied upon the reasoning advanced in DeAmiches. We acknowledged the same facts that support imposition of the maximum sentence, pursuant to R.C. 2929.14(C), could also support imposition of more than the shortest sentence on a defendant who has not previously served a prison sentence. But, we found the different focus of R.C. 2929.14(B) requires that the trial court find on the record its reason for imposing a prison term in excess of the minimum upon an offender who has not previously served a prison term.
{¶ 14} Given the "except" language of R.C. 2929.14(B), we believe that if a trial court complies with the sentencing requirements contained in R.C. 2929.14(C), the findings set forth in (B) are not required. The introductory language in R.C. 2929.14(B) seems to except the requirements of (B) when a trial court properly imposes the maximum sentence pursuant to (C). Although this is a departure from our decision in Schoenlein, we would note that neither party in Schoenlein presented any arguments based specifically on this language. As a result, in Schoenlein we did not address the relevance of the introductory language in (B) in our discussion "Except as provided in division (C)" or even include this opening portion of (B) when quoting that section. DeAmiches, likewise, did not discuss the significance and meaning of the introductory language in (B). Schoenlein and DeAmiches were based only upon the reasoning that the same findings for (C) could not serve as the findings for (B) because the functions of (B) and (C) were different and because such did not demonstrate that the trial judge rejected the presumption in (B). This court is required to presume every word in a statute is inserted to accomplish some definite purpose. State v. Wilson (1997),77 Ohio St.3d 334. This explicit statutory language is compelling and sways us in making our present determination. We also base our conclusion on the Fayette County Court of Appeals' analysis in Moore, as quoted above, distinguishing and reconciling Edmonson.
{¶ 15} For the foregoing reasons, we find that because the maximum sentence was properly imposed, findings regarding the minimum sentence are not required.
{¶ 16} Accordingly, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
PETREE and BRYANT, JJ., concur.