**[This opinion has been published in *Ohio Official Reports* at 77 Ohio St.3d 334.]**

THE STATE OF OHIO, APPELLANT, v. WILSON, APPELLEE

**[Cite as *State v. Wilson*, 1997-Ohio-35.]**

*Statutes—Determining scope of an "existing sections" repeal.*

In determining the scope of an "existing sections" repeal, a court need only look to the body of an enrolled Act to which that repealer applies. Matter to be affected by an "existing sections" repeal must appear in the body of the enrolled Act and must be stricken through.

(No. 95-2341—Submitted October 15, 1996—Decided January 22, 1997.)

Appeal from the Court of Appeals for Hamilton County, No. C-950038.

_____

{¶ 1} The defendant-appellee, Anthony Wilson, entered a plea of no contest for assault, a violation of R.C. 2903.13. The indictment under which Wilson was charged alleged that he caused or attempted to cause physical harm to a police officer while that officer was performing his official duties. The trial court found that the offense as charged constituted a fourth-degree felony and sentenced Wilson to a one-year term of imprisonment.

{¶ 2} Wilson appealed, urging that the offense as charged could constitute no greater than a first-degree misdemeanor. The appellate court reversed the trial court and remanded the case for resentencing, concluding that at the time Wilson was sentenced,[1] the version of R.C. 2903.13 in effect did not authorize a felony conviction for an assault on a police officer performing his or her official duties.

{¶ 3} The cause is now before this court upon the allowance of a discretionary appeal.

_____

1. Wilson was sentenced on January 5, 1995, well after the effective dates of both Acts under consideration.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *L. Susan Laker*, Assistant Prosecuting Attorney, for appellant.

*Dennis R. Lapp*, for appellee.

*Judith Stevenson*, Franklin County Public Defender, *Paul Skendalas* and *David L. Strait,* Assistant Public Defenders, urging affirmance for *amicus curiae,* Franklin County Public Defender.

*Gold, Rotatori & Schwartz Co., L.P.A.,* and *John S. Pyle,* urging affirmance for *amicus curiae,* Ohio Association of Criminal Defense Lawyers.

*Frederick D. Puckett, William Michael Burns* and *Michael S. Franczak,* urging reversal for *amicus curiae,* Ohio Legislative Service Commission.

_____

**COOK, J.**

{¶ 4} In this appeal we analyze how the General Assembly contemporaneously effects multiple, unrelated amendments to a single statutory section while complying with Section 15(D), Article II of the Ohio Constitution, requiring that "the section or sections amended shall be repealed."

{¶ 5} In May 1994, the General Assembly enacted a new law making assaults on law enforcement officers a felony.[2] This new law amended R.C. 2903.13. Two days later, the General Assembly passed another Act changing terminology used throughout the Revised Code from "penal or reformatory institution" to "correctional institution."[3] This second enactment affected a multitude of sections of the Revised Code, including R.C. 2903.13. The amendment to R.C. 2903.13 in the earlier Act making assaults on law enforcement

_____

2. Am.Sub.S.B. No. 116, 145 Ohio Laws 1089-1091. (Passed on May 24, 1994; approved by the Governor on June 30, 1994; effective September 29, 1994.)

3. Am.Sub.H.B. No. 571, 145 Ohio Laws 6342, 6390. (Passed on May 26, 1994; approved by the Governor on July 7, 1994; effective October 6, 1994.)

officers a felony, however, was not reflected in this later enactment. The bills encompassed separate subjects. Both bills included standard language stating that "*existing section*[] *** 2903.13 *** of the Revised Code [is] hereby repealed." (Emphasis added.)

{¶ 6} The ultimate question in this case is what "existing section" of R.C. 2903.13 is repealed by the later enacted law. If the later enactment repealed the change incorporated in the law passed two days earlier, making assaults on law enforcement officers a felony, then the trial court here was without authority to classify Wilson's offense as a fourth-degree felony. We conclude, however, that the "existing sections" repeal contained in the later enacted law was limited in scope so as not to effect a repeal of the amendment to R.C. 2903.13 instituted in the earlier Act. Accordingly, we reverse the judgment of the appellate court and reinstate the original conviction.

{¶ 7} As noted in *Cox v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 501, 21 O.O.3d 313, 424 N.E.2d 501, the legislature has long used "existing sections" language as part of a standard form of repealing clause for the purpose of complying with Section 15(D), Article II of the Ohio Constitution. *Cox,* however, is not dispositive of this case. In *Cox*, this court examined the issue of the *effective date* rather than the *scope* of an "existing sections" repeal. The enactment in *Cox* became effective on one date, yet included language delaying the accordant changes to the Revised Code one year from the effective date of the Act. The question, then, was *when* the "existing sections" repeal was to take effect. This court found that the "existing sections" repeal of the statute in controversy did not come into operation until its concomitant amendment became effective. Unlike our case today, *Cox* did not involve intervening revisions to a statute, and thus fails to bear on the *scope* of an "existing sections" repeal.

{¶ 8} In determining the proper scope of an "existing sections" repeal, we use the rules of statutory construction. The primary goal of statutory construction

is to give effect to the intent of the legislature. *Carter v. Youngstown* (1946), 146 Ohio St. 203, 32 O.O. 184, 65 N.E.2d 63, paragraph one of the syllabus. It is a basic tenet of statutory construction that "the General Assembly is not presumed to do a vain or useless thing, and that when language is inserted in a statute it is inserted to accomplish some definite purpose." *State ex rel. Cleveland Elec. Illum. Co. v. Euclid* (1959), 169 Ohio St. 476, 479, 8 O.O.2d 480, 482, 159 N.E.2d 756, 759.

{¶ 9} In reviewing a statute, a court cannot pick out one sentence and disassociate it from the context, but must look to the four corners of the enactment to determine the intent of the enacting body. *MacDonald v. Bernard* (1982), 1 Ohio St.3d 85, 89, 1 OBR 122, 125, 438 N.E.2d 410, 413. Here, to determine the meaning of the term "existing sections," we refer to the form of a legislative enactment as prescribed by R.C. 101.52. That section requires a bill to be printed for enrollment[4] in the exact language in which it was passed, with "[n]ew matter *** indicated by capitalization and old matter omitted by striking through such matter." *Id.* Language unaltered by the amendment remains in regular type. Accordingly, the enrolled Act permits a comparison of the amended statutory section and the section that it is intended to replace.

{¶ 10} In looking to the face of a statute or Act to determine legislative intent, significance and effect should be accorded to every word, phrase, sentence and part thereof, if possible. *Wachendorf v. Shaver* (1948), 149 Ohio St. 231, 36 O.O. 554, 78 N.E.2d 370, paragraph five of the syllabus; R.C. 1.47(B). Thus, the use of the term "existing" must be given effect. Inclusion of that term as a modifier is meaningful in light of R.C. 101.52. In determining the scope of an "existing sections" repeal, a court need only look to the body of an enrolled Act to which that

---

4. R.C. 1.53 indicates that the language employed in an enrolled Act is a superior indication of legislative intent, in that, in event of conflict, its language prevails.

repealer applies. Matter to be affected by an "existing sections" repeal must appear in the body of the enrolled Act and must be stricken through. R.C. 101.52. The legislature outlines what it intends to repeal by compliance with R.C. 101.52. Accordingly, in this case, had the legislature intended to repeal the earlier Act's amendment making assaults on law enforcement officers a felony, the later Act, as enrolled, should have contained that amendment and the language of that amendment should have been stricken through.

{¶ 11} The amendment making assaults on law enforcement officers a felony is absent from the version of that statute found in the later enacted law. As such, the "existing sections" repealer found in the later Act did not repeal the R.C. 2903.13 amendment making assaults on law enforcement officers a felony. Absent such a repeal, there is nothing to suggest that the amendment to R.C. 2903.13 making assaults on law enforcement officers a felony is irreconcilable with the later amendment, which modernizes terminology used in that section.[5] We therefore conclude that the classification of Wilson's sentence as a fourth-degree felony was appropriate.

{¶ 12} This case is particularly illustrative of the illogical results that may flow from treating an "existing sections" repeal in the same manner as an outright repeal. The bills in question passed both houses of the General Assembly within two days of each other. Neither bill was the existing law at the time the other passed the General Assembly, as neither had been approved by the Governor or achieved the requisite period of gubernatorial inactivity to become law. Accordingly, the

---

5. R.C. 1.52(B) states:

"If amendments to the same statute are enacted at the same or different sessions of the legislature, one amendment without reference to the other, the amendments are to be harmonized, if possible, so that effect may be given to each. If the amendments are substantively irreconcilable, the latest in date of enactment prevails. The fact that a later amendment restates language deleted by an earlier amendment, or fails to include language inserted by an earlier amendment, does not itself make the amendments irreconcilable. Amendments are irreconcilable only when changes made by each cannot reasonably be put into simultaneous operation."

legislature could not have intended a repeal of that which had not yet become law on a presumption that the Governor would not exercise his veto power.  Likewise, it would be equally illogical to presume that two bills, winding through the General Assembly at roughly the same time, passed both houses despite the fact that one did little more than neutralize the other.

{¶ 13} In light of the foregoing, we reverse the judgment of the court of appeals and reinstate the defendant's felony conviction.

*Judgment reversed.*

MOYER, C.J., F.E. SWEENEY, PFEIFER and STRATTON, JJ., concur.

DOUGLAS and RESNICK, JJ., concur in judgment only.

_____