R.C. 2744.02(C) was added by Am.Sub.H.B. No. 350, effective January 27, 1997. While State ex rel. Ohio Academy of TrialLawyers v. Sheward (1999), 86 Ohio St.3d 451, found Am.Sub.H.B. No. 350 unconstitutional in toto because the General Assembly failed to observe the anti-log-rolling provisions of Section15(D), Article II, Ohio Constitution, the Supreme Court of Ohio did not specifically find R.C. 2744.02(C) unconstitutional.
The General Assembly apparently reenacted R.C. 2744.02(C) by subsequent legislation, H.B. No. 215, effective June 30, 1997. The constitutionality of H.B. No. 215 has not been attacked, nor was it referred to in Sheward, supra. See Burley v. Bibbo (Nov. 10, 1999), Jefferson App. No. 97-JE-62, unreported.
R.C. 2744.02(C) grants the right of immediate appeal to defendants who claim sovereign immunity, but who are denied this protection by the trial court. See Kagy v. Toledo-Lucas Cty. PortAuth. (1997), 121 Ohio App.3d 239, 699 N.E.2d 566. Hence, it is a statute that is procedural in nature that would otherwise apply to this action, since this action was filed subsequent to the effective date of the reenactment of the statute, R.C.2744.02(C). See Van Fossen v. Babcock Wilcox Co. (1988),36 Ohio St.3d 100, 522 N.E.2d 489.
However, the reenactment of this division of R.C. Chapter 2744 is not without difficulties of its own. It contained only "existing sections" repeal language for the previous enactment, which had been contained in the unconstitutional Am.Sub.H.B. No. 350. The previous enactment of this statute had not been stricken through, thereby raising the question of the validity of the repeal of the Am.Sub.H.B. No. 350 language containing R.C.2744.02(C), as well as the validity of the reenactment of the same by H.B. No. 215.[1]
The syllabus by the Supreme Court of Ohio in State v. Wilson
(1997), 77 Ohio St.3d 334, 673 N.E.2d 1347, a case in which the judgment of the court was unanimous, apparently indicates that striking through is required for effective repeal, in a situation such as the one before us.
 In determining the scope of an "existing sections" repeal, a court need only look to the body of an enrolled Act to which that repealer applies. Matter to be affected by an "existing sections" repeal must appear in the body of the enrolled Act and must be stricken through.
While I remain unconvinced that the intent of the Court was that the syllabus language of Wilson, Id., was to apply literally, thereby applying to the case sub judice, I am bound, nonetheless, to do that very thing, and shall do so.
I find that, under the authority of Wilson, supra, the General Assembly did not successfully reenact this section of R.C. Chapter 2744, by passage of H.B. No. 215, with its "existing sections" repeal language, since the language subject to repeal was not "stricken through" as well. As a consequence thereof, it is Am.Sub.H.B. No. 350, which originally contained the language of R.C. 2744.02(C), that would be applicable in this case, had that bill not been found unconstitutional in toto in Sheward,supra. However, since the syllabus of State v. Wilson (1997),77 Ohio St.3d 334, 673 N.E.2d 1347, would indicate that perhaps the General Assembly did not successfully reenact this division of R.C. Chapter 2744 by the passage of H.B. No. 215. I must follow the syllabus language of Wilson and concur in the judgment of this court.
[1] If the "existing sections" repeal language is sufficient, then H.B. No. 215 is effective to reenact this portion of R.C. Chapter 2744, and Seckman would be entitled to review of the denial of her motion for summary judgment by the trial court, on the basis of claimed immunity, pursuant to R.C. 2744.02(C).
If, however, the "existing sections" repeal language of H.B. No. 215 is insufficient, since the prior language, contained in Am.Sub.H.B. No. 350 was not "stricken through," then Seckman would not be entitled to immediate review of the trial court's denial of her motion for summary judgment. The reason is that the basis for her immunity claim would be founded on the language of R.C. 2744.02, contained in Am.Sub.H.B. No. 350, found to be unconstitutional in Sheward, supra.