I agree with the majority's decision to affirm the trial court's imposition of a maximum sentence in this case, but write separately to accurately set forth my reasons for doing so and to register my disagreement with the majority's application of R.C. 2929.14(B).
The applicable code section here is R.C. 2929.14(C), which states in relevant part:
 * * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
In my view, these four categories are disjunctive and a trial court need only make its findings in accordance with this section when it imposes a maximum sentence upon an offender. Here, the trial court, in conformity with R.C. 2929.14(C), made an express finding that Halmi had committed the worst form of sexual battery by using his special position of authority as teacher and coach to take advantage of his students. Nothing more is required of a trial judge in imposing a maximum sentence.
I disagree with the analysis offered in the majority opinion implying that the trial court had an additional obligation to comply with R.C.2929.14(B) before imposing a maximum sentence in this case. A review of the language of that subsection demonstrates that this is an unnecessary step complicating the already confusing task of imposing sentence in a criminal case.
R.C. 2929.14(B) mandates the imposition of the shortest prison term on first offenders unless the court makes findings on the record relating to seriousness or public protection justifying a longer period of incarceration. That statute begins with these words, Except as provided in division (C) * * * of this section * * *. Further, R.C. 2929.14(C) does not use such language such as, After complying with the provisions of division (B), or words to that effect.
It is a well-established rule of construction that, in looking to the face of a statute or Act to determine legislative intent, significance and effect should be accorded to every word, phrase, sentence and part thereof, if possible. KeyCorp v. Tracy (1999), 87 Ohio St.3d 238, 241, quoting State v. Wilson (1997), 77 Ohio St.3d 334, 336-337. Here, R.C.2929.14(B) begins with the phrase, Except as provided in division (C) * * * of this section,; we are compelled to give significance and effect to these words. Applying the plain meaning of these words in this phrase, I have concluded that it means that the minimum factors in R.C. 2929.14(B) do not apply if the court imposes a maximum sentence in accordance with R.C. 2929.14(C).
Accordingly, while the trial court in the instant case gratuitously considered both division (B) and (C) in imposing its sentence, the legislature does not mandate this practice, and I disagree with any inference in the majority opinion that suggests this as an additional trial court sentencing duty.
In its Homeric challenge to my view, the majority over-reads Edmonson. The syllabus of that case merely states that the sentencing court is not statutorily required to give its reasons for its finding when imposing more than the minimum sentence. The Edmonson court did not pass upon the narrow issue created by the majority, i.e., whether a trial judge imposing a maximum sentence must comply with both R.C. 2929.14(B) and (C).
For these reasons, I concur separately with the majority's decision to affirm Halmi's sentence in this case.