**2002–1773.   State ex rel. Levering v. Stahr.**
In Mandamus. On motion to dismiss. Motion to dismiss sustained. Cause dismissed.
    MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

**2002–1793.   State ex rel. Nichols v. O'Brien.**
In Prohibition. On complaint in prohibition of Beau Nichols. On S.Ct.Prac.R. X(5) determination, cause dismissed.
    MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

**2002–1801.   State ex rel. Brown v. McAllister.**
In Prohibition. On motion to dismiss. Motion to dismiss sustained. Cause dismissed.
    MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

**2002–1814.   State ex rel. Brown v. Cuyahoga Cty. Common Pleas Court.**
In Prohibition. On motion to dismiss. Motion to dismiss sustained. Cause dismissed.
    MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

**2002–1895.   State ex rel. Prunty v. Mengel.**
In Mandamus. On motion to dismiss. Motion to dismiss sustained. Cause dismissed.
    MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

## MOTION AND PROCEDURAL RULINGS

**2002–0585.   Klein v. Leis.**
Hamilton App. Nos. C–020012, C–020013, C–020015 and C–020021, 146 Ohio App.3d 519, 2002-Ohio-1634. On motion for admission pro hac vice of A. Pemberton et al. by J. Saulino for the Violence Policy Center et al. Motion granted.

**2002–1494.   State ex rel. Talley v. Gorman.**
Montgomery App. No. 19172. On motion for stay of proceedings. Motion denied.

**2002–1645.   State v. Smith.**
Cuyahoga App. No. 80434, 2002-Ohio-4091. On review of order certifying a conflict. The court determines that a conflict exists; cause consolidated with 2002–1582, *State v. Smith*, Cuyahoga App. No. 80434, 2002-Ohio-4091; causes held for the decision in *State v. Fisher*, Franklin App. No. 01AP–614, 2001-Ohio-8772; and briefing schedule stayed.
    F.E. SWEENEY, J., dissents.

**2002–1723.   State v. Newman.**
Summit App. No. 20981, 2002-Ohio-4250. On review of order certifying a conflict. The court determines that a conflict exists; the parties are to brief the issue stated at pages 1–2 of the court of appeals' Journal Entry filed September 17, 2002:
    "When a trial court sentences an individual to a maximum sentence, must the trial court make the requisite findings and state its reasons solely from the bench at the sentencing hearing or is it sufficient for the trial court to make the requisite findings and state its reasons in the sentencing journal entry?"
    MOYER, C.J., concurs and would hold this cause for the decision in *State v. Comer*, Lucas App. No. L–99–1296, 2002-Ohio-233.
    RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., dissent.
    Sua sponte, cause consolidated with 2002–1722, *State v. Newman*, Summit App. No. 20981, 2002-Ohio-4250.
    RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., dissent.
    The conflict case is *State v. Williams* (2000), 136 Ohio App.3d 570, 737 N.E.2d 139.