OPINION
{¶ 1} Defendant-appellant Jerry Rhodes appeals from his conviction in the Belmont County Common Pleas Court of gross sexual imposition in violation of R.C. 2907.05(A), a third degree felony. The issue before this court is whether the trial court erred when it sentenced Rhodes to the maximum sentence without making the required findings under the felony sentencing statute. For the reasons stated below, the judgment of the trial court is reversed, appellant's sentence is vacated and the case is remanded for resentencing.
 STATEMENT OF THE CASE {¶ 2} Rhodes' first appeal as of right was decided by this court on March 27, 2002. After disposition of the initial appeal, Rhodes filed a motion for reopening. The motion was 21 days late. However, this court found good cause for the delay. As such, we granted the reopening but limited it to issues concerning the maximum sentence. 9/6/02 J.E.
 {¶ 3} The facts in this case are identical to the facts in Statev. Rhodes, 7th Dist. No. 99BA62, 2002-Ohio-1572. Rhodes was found guilty of gross sexual imposition in violation of R.C. 2907.05(A). The trial court sentenced him to five years in prison, the maximum sentence. Rhodes appeals from that decision.
 ASSIGNMENT OF ERROR {¶ 4} "The trial court imposed a maximum sentence without making the necessary findings, a violation of R.C. 2929.14, the Fifth, Sixth andFourteenth Amendments to the United States Constitution, and Section 16, Article I of the Ohio Constitution. (Journal Entry Dated October 17, 1999. Transcript of October 21, 1999 Sentencing Hearing P. 56)."
 {¶ 5} Rhodes contends that the trial court did not make the findings pursuant to R.C. 2929.14(C), which are required to sentence him to the maximum sentence. The state agrees that the trial court failed to make the requisite findings. Rhodes also contends that because he has not served a previous prison term, the trial court erred because it did not make the required findings pursuant to R.C. 2929.14(B) to sentence him to serve more than the minimum sentence. Each argument will be addressed in turn.
 MAXIMUM SENTENCE {¶ 6} Rhodes was sentenced to the maximum sentence of five years for a third degree felony. R.C. 2929.14(A)(3). A trial court may only impose the maximum sentence if it explicitly finds on the record that one of the following four criteria are applicable to the offender: 1) the offender committed the worst form of the offense; 2) the offender posed the greatest likelihood of committing future crimes; 3) the offender was a major drug offender; or 4) the offender is a repeat violent offender. R.C. 2929.14(C); State v. Quandt (2001), 143 Ohio App.3d 570, 575. If the court finds any one of these circumstances exists, it must state which circumstances exist, and state its reasons in support of this finding. R.C. 2929.19(B)(2)(d); State v. Edmonson (1999), 86 Ohio St.3d 324,328-329. An appellate court may only reverse a sentence imposed under Senate Bill 2 if it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1)(a) and (d).
 {¶ 7} Currently pending before the Ohio Supreme Court is the decision of whether the sentencing court must make the requisite findings and reasons supporting those findings from the bench at the sentencing hearing or if it is sufficient for the sentencing court to make the requisite findings and reasons supporting the findings in the sentencing journal. State v. Newman, ___ Ohio St.3d ___, 2002-Ohio-6866; State v.Comer, 95 Ohio St.3d 1472, 2002-Ohio-2444. The Comer case is set for hearing on March 12, 2003. Since that decision has not been rendered yet, we will review both the journal entry and sentencing transcript to determine if either one complied with Senate Bill 2. State v. Howard
(Feb.18, 2003), 7th Dist. No. 02 BA 9.
 {¶ 8} In both the journal entry and the transcript, the trial court made the following findings. First, in the sentencing transcript, the court stated that the offender "committed a serious form of the offense." (Tr. 56). In the journal entry, the sentencing court stated that, "the offender committed a more serious form of the offense." 10/27/99 J.E. The trial court also stated in the journal entry and at the sentencing hearing that Rhodes posed a "great likelihood of committing future crimes." (Tr. 56); 10/27/99 J.E.
 {¶ 9} Magic or talismanic words are not required, however it is prudent for a trial court to mimic the felony sentencing statute's language to ensure compliance. State v. McCarthy, 7th Dist. No. 01BA33,2002-Ohio-5185 at ¶ 12. Statements that the offense is a "serious offense" or "more serious offense" is not equivalent to the finding of the "worst form" of the offense. State v. Miller, 6th Dist. No. W.D. 01-043, 2002-Ohio-402. The equivalent would be the "most serious" form of the offense. Also, we have previously held that "great" is not synonymous with "greatest." McCarthy, 2002-Ohio-5185 at ¶ 12. Therefore, despite the trial court's attempt to find either that Rhodes committed the worst form of the offense or that he had the greatest likelihood of recidivism, it failed to make one of those findings or an equivalent finding. The other two elements listed in R.C. 2929.14(C) are not applicable. Thus, the trial court failed to make the requisite findings as dictated by statute.
 {¶ 10} Therefore, according to our authority under R.C. 2953.08(G) the sentence is vacated and the case is remanded for resentencing. However, upon resentencing, due to the pending Ohio Supreme Court decisions in Comer and Newman, the trial court should state the requisite findings and reasons for those findings in both the sentencing entry and at the sentencing hearing. Howard, supra. The reason for this is to ensure compliance for any possible decision the Ohio Supreme Court announces in Comer and Newman.
 MINIMUM SENTENCE {¶ 11} Rhodes also argues that the trial court did not make the requisite findings pursuant to R.C. 2929.14(B), minimum sentence findings. Since this case is already being remanded for resentencing this issue does not need to be addressed. However, to provide further guidance for the trial court, we will address this issue.
 {¶ 12} R.C. 2929.14(B) states:
 {¶ 13} "(B) Except as provided in division (C), (D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 14} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 15} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 16} If a trial court sentences a defendant to a maximum term, R.C. 2929.14(B) is inapplicable. State v. Baumgartner, 7th Dist. No. 00CA63, 2002-Ohio-3174 at ¶ 43. As we explained in Baumgartner:
 {¶ 17} "A well-established rule of construction is that `in looking to the face of a statute or Act to determine legislative intent, significance and effect should be accorded to every word, phrase, sentence and part thereof, if possible.'" Keycorp v. Tracy (1999),87 Ohio St.3d 238, 241, quoting State v. Wilson (1997), 77 Ohio St.3d 334,336-337. Here, R.C. 2929.14(B) begins, "Except as provided in division (C) * * * of this section." Applying the plain meaning of these words in this phrase, it means that R.C. 2929.14(B) does not apply if the court imposes a maximum sentence. Id. at ¶ 43.
 {¶ 18} As such, if the trial court sentences the defendant to the maximum term and makes the requisite findings and reasons supporting those findings in the record, it is not necessary for it to make findings as to why it did not impose the minimum sentence.
 {¶ 19} For the foregoing reasons, the judgment of the trial court is hereby reversed, appellant's sentence is vacated and this case is remanded for resentencing.
Waite, P.J., and DeGenaro, J., concur.