OPINION
{¶ 1} Defendant-appellant Dominic Mishar, Jr. appeals his conviction in Mahoning County Common Pleas Court of robbery in violation of R.C. 2911.02, a second degree felony. The issue before this court is whether the trial court erred by its purported failure to make the required findings under the felony sentencing statute when it sentenced Mishar to the maximum penalty. For the reasons stated below, the judgment of the trial court is reversed, appellant's sentence is vacated and the case is remanded for resentencing.
 STATEMENT OF FACTS {¶ 2} On May 13, 2000, Mishar got into a fight with Joshua Weston. Mishar pushed Weston down, hit him in the head with a piece of a brick and took items of personal property from Weston. These actions resulted in the Mahoning County Grand Jury indicting Mishar for aggravated robbery in violation of R.C. 2911.01, a first degree felony. The charges were later amended to robbery in violation of R.C. 2911.02, a second degree felony. With the representation of counsel, Mishar and the state entered into a Rule 11 plea agreement. Mishar entered a guilty plea to robbery and a pre-sentence investigation was ordered. (Guilty Plea Tr. 14, 15). The state recommended a four year sentence and stated it would not oppose judicial release. (Sentencing Tr. 3). After considering the information in the pre-sentence investigation, the trial court sentenced Mishar to the maximum sentence of eight years, but stated that after a couple of years to come back to the court on "a motion to reconsider." (Sentencing Tr. 16). Mishar timely appeals raising one assignment of error.
 {¶ 3} ASSIGNMENT OF ERROR
 {¶ 4} "The trial court erred when it failed to justify its decision to impose a sentence longer than the minimum sentence and further, justify why it imposed the maximum sentence pursuant to R.C2929.14."
 {¶ 5} The available sentences for a second degree felony are two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). Mishar received an eight year sentence, the maximum sentence allowable. R.C.2929.14(A)(2). A trial court may only impose the maximum sentence if it explicitly finds on the record that one of the following four criteria are applicable to the offender: 1) the offender committed the worst form of the offense; 2) the offender posed the greatest likelihood of committing future crimes; 3) the offender was a major drug offender; or 4) the offender is a repeat violent offender. R.C. 2929.14(C); State v.Quandt (2001), 143 Ohio App.3d 570, 575. If the court finds any one of these factors exist, it must state the factor and the reasons supporting that finding on the record. R.C. 2929.19(B)(2)(d); State v. Edmonson
(1999), 86 Ohio St.3d 324, 328-329. An appellate court may only reverse a sentence imposed under Senate Bill 2 if it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(1)(a) and (d).
 {¶ 6} Currently pending before the Ohio Supreme Court is the decision of whether the sentencing court must make the requisite findings and reasons supporting the findings from the bench at the sentencing hearing or, in the alternative, the sentencing court may make the requisite findings and reasons supporting the findings in the sentencing journal. State v. Newman, 97 Ohio St.3d 1480, 2002-Ohio-6866; State v.Comer, 95 Ohio St.3d 1472, 2002-Ohio-2444. Since that decision has not yet been rendered, we will review both the journal entry and sentencing transcript to determine if either one complies with Senate Bill 2.
 {¶ 7} In the sentencing journal, the trial court states that it has balanced the seriousness and recidivism factors. 4/27/01 J.E. The trial court then adds that the shortest prison term possible would demean the seriousness of the offense and not adequately protect the public. 4/27/01 J.E. This is a minimum sentence finding pursuant to R.C.2929.14(B), not a maximum sentence finding pursuant to R.C. 2929.14(C).
 {¶ 8} At the sentencing hearing, the trial court mentions the times Mishar was placed on probation, electronic monitoring, detention, counseling, community service, house arrest, Day Break, jail time, prison time, and post-release control. (Tr. 6, 7). The trial court later states that Mishar is "dangerous, dangerous, dangerous." (Tr. 16). The trial court then states that he is a "recidivist." (Tr. 16). Lastly, the trial court states that "Two people almost got killed by him, and his history, it's not going to happen anymore." (Tr. 16).
 {¶ 9} Nowhere in the sentencing journal nor in the sentencing transcript is there a statement that Mishar committed the worst form of the offense, that he is a repeat violent offender as defined by R.C.2929.14(D)(2), or that he has the greatest likelihood of committing future crimes. The closest the trial court came to making one of these findings was to say that Mishar is a recidivist. Recidivist is defined as, "one who has been convicted of multiple criminal offenses, similar in nature; a repeat offender." Black's Law Dictionary (7 Ed. 1999) 1276. The trial court's finding that Mishar is a recidivist is accurate since Mishar has committed previous crimes, but this statement makes no reference to his likelihood of committing future crimes. As such, stating an offender is a recidivist is not equivalent to any finding that is required by the felony sentencing statute and, as such, the trial court failed to comply with the mandates of R.C. 2929.14(C). While magic or talismanic words are not required, it is prudent for a trial court to mimic the felony sentencing statute's language to ensure compliance.State v. McCarthy, 7th Dist. No. 01BA33, 2002-Ohio-5185 at ¶ 12.
 {¶ 10} Pursuant to R.C. 2953.08(G) the sentence is vacated and the case is remanded for resentencing. However, upon resentencing due to the pending Ohio Supreme Court decisions in Comer and Newman, the trial court is instructed to state the requisite findings and reasons for those findings in both the sentencing entry and at the sentencing hearing. The reason for this is to ensure compliance with whatever possible decision the Ohio Supreme Court announces in Comer and Newman.
 {¶ 11} Mishar's assignment of error also raises an argument about minimum sentencing. However, in the argument section Mishar does not expand upon this argument. From his assignment of error it appears he is claiming the trial court needed to justify its reason for imposing a sentence longer than the minimum sentence in accordance with R.C.2929.14(B).
 {¶ 12} Mishar's assertion as to minimum sentence findings is incorrect. A trial court does not need to provide its underlying reasons for finding that a term greater than the minimum should be imposed.Edmonson, 86 Ohio St.3d 324; State v. Stewart, 149 Ohio App.3d 1,2002-Ohio-4124. Furthermore, when a trial court sentences an individual to the maximum sentence, a minimum sentence finding is not required.State v. Baumgartner, 7th Dist. No. 00CA63, 2002-Ohio-3174 at ¶ 43. As we explained in Baumgartner:
 {¶ 13} "A well-established rule of construction is that `in looking to the face of a statute or Act to determine legislative intent, significance and effect should be accorded to every word, phrase, sentence and part thereof, if possible.'" Keycorp v. Tracy (1999),87 Ohio St.3d 238, 241, quoting State v. Wilson (1997), 77 Ohio St.3d 334,336-337. Here, R.C. 2929.14(B) begins, "Except as provided in division (C) * * * of this section." Applying the plain meaning of these words in this phrase, it means that R.C. 2929.14(B) does not apply if the court imposes a maximum sentence. Id. at ¶ 43. Therefore, a finding as to why the minimum sentence was not imposed is not needed. However, maximum sentence findings were required.
 {¶ 14} For the foregoing reasons, the judgment of the trial court is hereby reversed, appellant's sentence is vacated and the case is remanded to the trial court for resentencing.
Waite, P.J., and Donofrio, J., concur.