OPINION
{¶ 1} Defendant-appellant, Danny Ray Tittle, appeals his conviction and sentence by the Clinton County Court of Common Pleas, upon pleading no contest to a charge of corruption of a minor in violation of R.C 2907.04(A).
 {¶ 2} In February 1999, appellant lived with the victim, ("B.C."), and her mother, in Blanchester, Ohio. During this time, appellant abused several minor girls and was subsequently charged with and convicted of compelling prostitution, and was sentenced to a prison term. Those charges did not involve any abuse against B.C.
 {¶ 3} Between February 1, 1999 and March 31, 1999, appellant had sexual intercourse with B.C. She was then 15 years old. B.C. became pregnant and gave birth the following November. Although he initially denied that he could have fathered the child, DNA analysis established that appellant was the baby's father. Appellant was charged with corruption of a minor. He pled no contest, was convicted, and sentenced to the maximum prison term. He appeals, raising a single assignment of error:
 {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING DEFENDANT, ON A NO-CONTEST PLEA, TO THE MAXIMUM TERM FOR AN OFFENSE THAT WAS COMMITTED AT THE SAME TIME AS OTHER CRIMES FOR WHICH DEFENDANT HAD ALREADY SERVED A 3 YEAR PRISON TERM."
 {¶ 5} An appellate court may not disturb a sentence imposed by a trial court unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law or statute. R.C. 2953.08(G)(2). Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v.Garcia (1998), 126 Ohio App.3d 485, 487. The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender," and "to punish the offender." R.C. 2929.11(A).
 {¶ 6} Appellant first contends that the trial court erred by sentencing him to a prison term greater than the minimum sentence provided by statute. He argues that at the time he committed the offense, he had not previously served a prison term and therefore, the trial court should have imposed the minimum prison sentence pursuant to R.C.2929.14(B).
 {¶ 7} This statute states: "Except as provided in division (C),
(D)(1), (D)(2), (D)(3), or (G) of this section, in section 2907.02 of the Revised Code, or in Chapter 2925. of the Revised Code, if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies: (1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term. (2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)
 {¶ 8} Although the trial court sentenced appellant to more than the minimum, R.C. 2929.14(B) is inapplicable because the court sentenced appellant to the maximum term, instead implicating R.C. 2929.14(C). SeeState v. Moore (Sept. 10, 2001), Fayette App. No. CA2001-01-001.
 {¶ 9} A well-established rule of construction is that "`in looking to the face of a statute or Act to determine legislative intent, significance and effect should be accorded to every word, phrase, sentence and part thereof, if possible.'" KeyCorp v. Tracy,87 Ohio St.3d 238, 241, 1999-Ohio-43, quoting State v. Wilson,77 Ohio St.3d 334, 336-337, 1997-Ohio-35. R.C. 2929.14(B) begins, "[e]xcept as provided in division (C) * * * of this section." Applying the plain meaning to the words of this phrase, it simply states that R.C. 2929.14(B) does not apply if the trial court imposes a maximum sentence pursuant to R.C. 2929.14(C). Accord State v. Gladden, Cuyahoga App. No. 76908, 2001-Ohio-4129 ("once a trial court makes the requisite findings justifying a maximum term of incarceration under R.C. 2929.14[C], it thereafter is not required to justify its reasons for imposing more than the minimum term of incarceration, in spite of the offender's status as an offender who previously had not served a prison term"); State v.Jackson (Aug. 20, 1999), Hamilton App. No. C-980512 (the express language of R.C. 2929.14[B] "renders the section inapplicable where an offender is sentenced to a maximum prison term under R.C. 2929.14[C]"); State v.Phipps (Feb. 25, 1999), Allen App. No. 1-98-69, ("the applicability of [R.C. 2929.14(B)], by its own terms, is conditioned upon the non-applicability of R.C. 2929.14[C]"). Thus, we find no merit to appellant's contention that the trial court was required to make statutory findings necessary to sentence him to a greater than minimum sentence.
 {¶ 10} Appellant further contends that the trial court erred by imposing the maximum prison sentence.
 {¶ 11} A trial court may impose the maximum term upon an offender only if the trial court finds on the record that the offender "committed the worst forms of the offense," or that the offender "pose[s] the greatest likelihood of committing future crimes." R.C. 2929.14(C). The trial court must provide the reasons underlying its decision to impose a maximum sentence. R.C. 2929.19(B)(2)(d) and (e); State v. Boshko (2000),139 Ohio App.3d 827, 836. In considering whether an offender committed the worst form of the offense, the trial court is guided by the factors listed in R.C. 2929.12(B). As well, the court is instructed by statute to consider any other "relevant" factors. Id.
 {¶ 12} The trial court found both that appellant committed one of the worst forms of the offense and that he posed a great likelihood of committing future crimes. In support of these findings, the trial court noted that appellant, then 45 years old, failed to show remorse for his conduct, instead insisting that the 15-year-old, mentally impaired victim facilitated the offense. The court noted appellant's prior convictions for sexual offenses against minors. And, not least of all, the court considered the resulting pregnancy and the physical trauma and emotional harm it caused the victim.
 {¶ 13} Appellant argues that these facts do not support a finding that he committed the worst form of the offense. In his appellate brief, he describes other scenarios he can imagine which he considers worse than the facts of this case (a younger victim, for example). However, this court has repeatedly stated that the trial court is not required to compare the defendant's conduct to some hypothetical worst-case form of the offense. See, e.g., Boshko, 139 Ohio App.3d at 836; State v.Maloney, Butler App. No. CA2001-01-014, 2002-Ohio-618; State v. Bates, Fayette App. No. CA2001-10-018, 2002-Ohio-018; State v. Pruhs, Clermont App. No. CA2001-03-037, 2001-Ohio-8661. Instead, the court must consider the totality of the circumstances surrounding the offense. Id. Although appellant may be able to concoct scenarios he finds more offensive than his own crime, the trial court's statements support the conclusion that under the totality of the circumstances appellant committed the worst form of the offense.
 {¶ 14} Having reviewed the record, we find there was a sufficient basis for the trial court to find that appellant committed the worst form of the offense and that he poses the greatest risk of recidivism. Accordingly, the assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.