{¶ 86} Because I disagree with the majority's analysis and resolution of appellant's eighth assignment of error, I respectfully dissent.
 {¶ 87} R.C. 2929.13(F)(2) states that a court "shall impose a prison term or terms" for "any rape," in addition to fourteen other categories of offenses not at issue in the present matter. This section enumerates certain instances in which a prison term is mandatory, and removes the trial court's discretion to impose community control or other nonprison sanctions.
 {¶ 88} The trial court construed this section as mandating not only the imposition of a prison term on each rape count, but also the imposition of consecutive prison terms on each count. As the majority notes, the trial court stated at the sentencing hearing that it "does not have the discretion to run these sentences concurrent." In its sentencing entry, the court reiterated its interpretation of the statute, stating: "Since the conviction on each count requires a mandatory sentence, pursuant to ORC 2929.13(F)(2), the Court is required by law to run each sentence consecutively. The Court specifically finds that none of the factors set forth in ORC 2929.14(E)(4) would justify consecutive sentences in this case."
 {¶ 89} I agree with appellant's argument that the trial court erred by concluding that R.C. 2929.13(F)(2) requires the imposition of consecutive sentences.
 {¶ 90} Although the majority begins its analysis with a correct statement of law regarding statutory construction, the majority fails to adhere to the rules it recites. I begin my analysis by reiterating that "[t]he primary goal of statutory construction is to give effect to the intent of the legislature."State v. Wilson, 77 Ohio St.3d 334, 336, 1997-Ohio-35;Jackson at ¶ 34. "In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished." State ex rel. Purdy v. Clermont Cty. Bd. ofElections, 77 Ohio St.3d 338, 340, 1997-Ohio-278. See, also,State v. Ventura, Butler App. No. CA20050-3-079,2005-Ohio-5048, ¶ 10. A well-established rule of statutory construction is that "in looking to the face of a statute or Act to determine legislative intent, significance and effect should be accorded to every word, phrase, sentence and part thereof, if possible." KeyCorp v. Tracy, 87 Ohio St.3d 238, 241,1999-Ohio-43, quoting State v. Wilson, 77 Ohio St.3d 334,
 {¶ 91} This court, following a primary rule of statutory construction, must "apply a statute as it is written when its meaning is unambiguous and definite." State v. Hughes,86 Ohio St.3d 424, 427, 1999-Ohio-118, citing State ex rel. Savarese v.Buckeye Local School Dist. Bd. of Edn., 74 Ohio St.3d 543, 545,1996-Ohio-291. "An unambiguous statute must be applied in a manner consistent with the plain meaning of the statutory language, and a court cannot simply ignore or add words."Portage City Bd. of Commrs. v. Akron, 109 Ohio St.3d 106,2006-Ohio-954, ¶ 52, citing State ex rel. Burrows v. Indus.Comm., 78 Ohio St.3d 78, 81, 1997-Ohio-310.
 {¶ 92} The majority concludes that consecutive sentences are "implied" by the statute's use of the term "mandatory." The phrase "mandatory prison term" is clear and unambiguous, and is defined as "the term in prison that must be imposed for the offenses set forth in divisions F(1) to F(8) of section2929.13 of the Revised Code." R.C. 2929.01(Y). The phrase is defined by statute, makes no reference to consecutive sentences, and requires no further interpretation. This court is simply not permitted to insert words or requirements into this statute that is clear and unambiguous as written. See id. Notably, neither the state nor the majority can cite to any authority for the proposition that consecutive sentences are mandated by R.C.2929.13(F). Although purporting to adhere to the legislative intent of the statute, the majority can cite no legislative history or committee comment in support of its result-oriented conclusion.
 {¶ 93} The plain language of R.C. 2929.13(F)(2) requires that a trial court "impose a prison term" upon an offender convicted of rape and removes the trial court's discretion to impose a nonprison sanction. This section makes no mention of consecutive prison terms; rather, it simply requires that a prison term be imposed for the enumerated offenses. Whether a prison term is ordered to run concurrent with, or consecutive to, another prison term has no bearing on whether an offender is in fact sentenced to a term of imprisonment for an offense. See, e.g., State v.Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 9 ("[A] judge sentencing a defendant pursuant to Ohio law must consider each offense individually and impose a separate sentence for each offense. Only after the judge has imposed a separate prison term for each offense may the judge then consider in his discretion whether the offender should serve those terms concurrently or consecutively").
 {¶ 94} Ohio's sentencing scheme generally requires that sentences of imprisonment be served concurrently. See R.C.2929.41(A); State v. Barnhouse, 102 Ohio St.3d 221,2004-Ohio-2492, ¶ 11. Specifically, R.C. 2929.41(A) states: "Except as provided in division (B) of this section [inter alia, misdemeanor vehicular assault; pandering sexually oriented material involving a minor; escape], division (E) of section2929.14 [firearm specification], or division (D) or (E) of section 2971.03 [sexually violent offender specification] of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term." (Emphasis added.) Thus, except for certain enumerated statutes imposing nondiscretionary consecutive prison terms, none of which are applicable in the present case, Ohio's sentencing structure envisions concurrent prison terms. Post Foster, which excised R.C. 2929.14(E)(4) requiring the trial court to make factual findings before imposing consecutive sentences, the decision to impose consecutive rather than concurrent sentences is otherwise left to the discretion of the trial court. Foster
at paragraph four of the syllabus.
 {¶ 95} The majority rejects the revised code's general preference for concurrent prison sentences and instead reaches its conclusion based in part on the "more specific" R.C.2929.13(F)(2). While this section does specifically address sentencing in rape cases, absent from the section is any reference to whether an offender convicted of multiple counts of rape must be sentenced to consecutive prison terms. The legislature has explicitly mandated in other sections of Ohio's sentencing code that prison terms for certain offenses must be served consecutively. See 2929.14; 2971.03. Contrary to the majority's conclusion, the conspicuous absence of any such requirement in R.C. 2929.13(F)(2) is indicative of the legislature's intent to leave the decision to impose consecutive prison terms to the discretion of the trial court when sentencing an offender to multiple, mandatory prison terms. See State v.Franklin, Greene App. No. 99-CA-117 (where "life imprisonment is the mandatory penalty * * * the trial court had no choice of penalties to assign, other than making them consecutive or concurrent").
 {¶ 96} Foster in fact emphasized "that trial courts have full discretion to impose a prison sentence within the statutory range," including the imposition of consecutive sentences.Foster at ¶ 100. Only after the trial court sentences an offender for each offense may the trial court exercise its discretion and determine whether concurrent or consecutive sentences are appropriate. Saxon at ¶ 9, citing Foster at paragraph seven of the syllabus; R.C. 2929.12(A); and, State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus. Because R.C. 2929.13(F)(2) contains no language indicating that the legislature intended otherwise, this premise is equally applicable when a trial court sentences an offender under this section. See Franklin; accord State v. Sharp,
Allen App. No. 1-02-06, 2002-Ohio-2343, ¶ 26 ("R.C. 2929.13[F][3] mandates that [the defendant] serve a prison term in this case because the victim was under the age of thirteen, it does not require the imposition of consecutive sentences"). Consequently, I conclude that R.C. 2929.13(F)(2) does not require the imposition of consecutive prison terms; rather, the trial court retains discretion to impose consecutive prison terms when sentencing under this section.
 {¶ 97} While other appellate courts have reached the same conclusion that I reach in the present case, see Franklin andSharp, the majority simply disagrees with those holdings. I agree that this court is not bound by the decisions of these courts, but I find the reasoning in those cases persuasive when coupled with the plain language of the statute. I also find it persuasive that no other Ohio court has reached the conclusion reached by the majority today.
 {¶ 98} Finally, while correctly citing R.C. 2929.13(F) for the proposition that a mandatory sentence imposed under that section may not be "reduced," the majority fails to cite any authority for its contention that ordering concurrent sentences is the legal equivalent of reducing a sentence under this section. R.C. 2929.13(F) prohibits reducing a sentence for rape "pursuant to section 2929.20 [Judicial release], section 2967.193
[Days of credit may be earned], or any other provision of Chapter 2967 [Pardon; parole; probation] or Chapter 5120 [Department of Rehabilitation and Correction]." The statute makes no reference to the imposition of consecutive sentences under R.C. 2929.41 as a prohibited "reduction" in sentence as argued by the majority. Following the majority's "volume discount" reasoning to its logical end, concurrent sentences would never be appropriate where an offender is convicted of multiple offenses, as it would inevitably permit the offender to "essentially" serve one sentence for the multiple offenses. Although the majority might find consecutive sentences preferable in such instances, the legislature simply has not crafted Ohio's sentencing scheme to operate in this manner.
 {¶ 99} Whether sentences are ordered to be served consecutively or concurrently has no bearing on whether or not a sentence is in fact imposed. See Saxon. Each sentence stands independently and, unless otherwise proscribed by statute, the decision to run the sentences consecutively or concurrently rests with the discretion of the trial court. Id. While consecutive sentences may often be appropriate, Ohio's sentencing law, with few exceptions, leaves this determination to the discretion of the sentencing court. Because the trial court explicitly stated that it was not exercising its discretion when it imposed consecutive sentences in this matter, I would sustain appellant's eighth assignment of error and remand this matter for resentencing. This resolution of appellant's eighth assignment of error would render appellant's ninth assignment of error moot. I otherwise concur with the majority's resolution of the remaining assignments of error.