Harsha, J.,
concurring.
{¶22} The question presented by this certified-conflict case is whether the legislature intended to provide the benefit of both a decreased penalty and a lower offense classification to offenders who committed their offense prior to the enactment of 2011 Am.Sub.H.B. No. 86 (“H.B. 86”) but who were not sentenced until after the act’s effective date. I concur in the majority opinion and emphasize one factor that bolsters my conclusion: the express reference in section 4 of H.B. 86 to R.C. 1.58(B).
{¶ 23} Why would the legislature have included the reference to R.C. 1.58(B), which would have applied by operation of law if the reference had not been included, unless its inclusion was intended to have some independent impact on the question of retroactivity? Was it mere surplusage, i.e., superfluous? The General Assembly is not presumed to do a useless thing, and when language is inserted in a statute, it is inserted to accomplish a definite purpose. State v. Wilson, 77 Ohio St.3d 334, 336, 673 N.E.2d 1347 (1997). We are reminded to avoid a construction that would render any provision meaningless or superfluous. Rhodes v. New Philadelphia, 129 Ohio St.3d 304, 2011-Ohio-3279, 951 N.E.2d 782, ¶ 23. This court and the rules of statutory construction have admonished those charged with discerning legislative intent to apply every word used in legislation. State v. Moaning, 76 Ohio St.3d 126, 128, 666 N.E.2d 1115 (1996).
{¶ 24} The legislature instructed us that “[t]he amendments to section} ] * * * 2913.02 * * * of the Revised Code * * * apply * * * to a person to whom division (B) of section 1.58 * * * makes the amendments applicable.” (Emphasis added.) Section 4 of H.B. 86. R.C. 1.58(B) applies to reduce Taylor’s penalty because he was not sentenced until after the effective date of H.B. 86. Because R.C. 1.58 applies to reduce Taylor’s penalty, the uncodified language in H.B. 86 makes all the amendments to R.C. 2913.02 also apply, i.e., he gets both a reduced penalty and reduced classification regardless of whether “classification” and “penalty” are in effect one and the same.
*200 {¶ 25} If the legislature had intended that only a reduced-penalty benefit would apply to Taylor, it did not have to refer to R.C. 1.58(B). That result would have occurred by operation of law. Thus, it is clear to me that the legislature intended its reference to R.C. 1.58(B) to have the effect we give it.